In re SHATTUCK et al.

(Circuit Court, S. D. New York. January 23, 1893.)

CUSTOMS DUTIES—CLASSIFICATION—SILK AND COTTON ELASTIC WEBBING.

Elastic webbing composed of India rubber, cotton, and silk, India rubber being the component material of chief value, but cotton being the chief component material as to quantity, *held*, that the merchandise was properly dutiable, as the manufacture of which India rubber is the component material of chief value, at 30 per centum ad valorem, under paragraph 460 of Schedule N of the tariff act of October 1, 1890, and not as "cotton webbing," at 40 per cent. ad valorem, under paragraph 354 of Schedule I of said tariff act, as decided by the board of general appraisers.

At Law. Appeal by the importers from a decision of the board of general appraisers affirming the decision of the collector of the port of New York in the classification for customs duties of certain elastic webbing imported into that port November 18, 1890, and returned by the appraiser as "silk and cotton elastic webbing, silk chief value, 50%," and duty accordingly assessed thereon by the collector at that rate, under the provisions of paragraph 412 of Schedule L of the tariff act of October 1, 1890. The importers duly filed their protest against this classification, claiming that

the component material of chief value was India rubber, and that the merchandise was therefore dutiable at 30 per cent. ad valorem, under Schedule N, par. 460, of said tariff act. After the proceedings came before the board of general appraisers, the different articles were analyzed in the office of the United States appraiser, and those represented by sample "A" were found to consist of India rubber, silk, and cotton, silk being the component material of chief value. In those represented by samples "B" and "C" the component materials were found to be the same, but of different proportions; India rubber in both cases being the material of chief value, but cotton being the component material in chief quantity. The board of general appraisers thereupon found as conclusions of fact:

"(1) That the merchandise is elastic webbing, composed of cotton, silk, and India rubber; (2) that all of the goods are manufactured chiefly of cotton; (3) That in Exhibit A silk is the component material of chief value; (4) that Exhibits B and C have India rubber as the component material of chief value."

The board, in their decision, say:

"Webbing is an especial kind of goods, well known in trade and commerce, for which congress made specific provision in paragraphs 354, 398, and 412, Act Oct. 1, 1890. The two paragraphs with which we have to deal are: 354: 'Cotton, * * * webbing, * * * elastic or nonelastic, 40 per cent. ad valorem;' and 412: 'Webbing, * * * elastic or nonelastic, * * * made of silk, or of which silk is the component material of chief value, fifty per cent. ad valorem;'"

—And decided that in webbing of which silk was the component material of chief value, exclusive of India rubber, the merchandise was provided for as silk elastic webbing, and that the articles, which were cotton elastic webbings, made chiefly of cotton, were properly dutiable under paragraph 354 of said tariff act, in which they formed a portion or group or class of goods sui generis; and that hence the protest of the importers as to those articles was not well taken, and that the action of the collector should therefore stand. On the trial in the circuit court it was argued in behalf of the collector and the government that the merchandise was silk and cotton elastic webbing, as returned by the appraiser and classified by the collector, and was therefore designated eo nomine either in paragraph 412 or paragraph 354, and that there was no evidence taken before the board, and none was taken in the circuit court, to disprove the correctness of this finding of fact by the collector, which, under a well-recognized rule of law, must be presumed correct, as made by sworn officers of the government, until the contrary should be proved by competent evidence; hence the cases in the supreme court, (Hartranft v. Meyer, 135 U. S. 237, 10 Sup. Ct. Rep. 751, and others,) which make the classification depend upon the component material of chief value as between two general descriptions, should not apply.

Curie, Smith & Mackie, for importers.

Edward Mitchell, U. S. Atty., and James T. Van Rensselaer, Asst. U. S. Atty., for collector and the United States.

LACOMBE, Circuit Judge. As to the silk goods, of course the board's decision is affirmed. There is no dispute in regard to that. If it appeared here that it was not practicable to make cotton webbing elastic without the presence of India rubber, I should be inclined to affirm the board's decision; but as there is no evidence to that effect, and as in fact there could not very well be such evidence,—as we all know, it is a matter of weave, as well as material, that cotton webbing can be made elastic without the presence of any India rubber in it whatever,—I am of the opinion that the webbing clause (paragraph 354) cannot cover these articles of which India rubber is the component material of chief value. Therefore the decision of the board is reversed, and it is directed that the articles be classified for duty under paragraph 460, as to Exhibits B and C.