UNITED STATES v. SHATTUCK et al.

(Circuit Court of Appeals, Second Circuit. January 12, 1894.)

No. 36.

CUSTOMS DUTIES—CLASSIFICATION—WEBBINGS.
    Webbing made of cotton, silk, and India rubber, the cotton predominating in quantity, and the rubber in value, cannot, in the absence of any finding as to its commercial or common designation, be classified as cotton webbing, under Schedule I, par. 354, of the act of 1890, but should be placed under paragraph 460, as a manufacture of which India rubber is the component material of chief value. 54 Fed. 365, affirmed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Application by Warren S. Shattuck and Gustav Binger for review of a decision of the board of general appraisers affirming the action of the collector of the port of New York in the classification of certain merchandise imported by them. The circuit court reversed the board's decision. 54 Fed. 365. The United States appeal. Affirmed.

Edward Mitchell, U. S. Atty., and James T. Van Rensselaer, Asst. U. S. Atty.

W. Wickham Smith, for appellees.

Before WALLACE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. This is an appeal by the United States from a decision of the United States circuit court for the southern district of New York, which reversed a decision of the board of general appraisers in regard to the classification for duty of a portion of the appellees' merchandise. The appellees imported into the port of New York, on November 18, 1890, three kinds of elastic webbing, respectively known in the record as samples "A," "B," and "C," each one being composed of cotton, silk, and India rubber. Duty was assessed thereon at the rate of 60 per cent. ad valorem, under paragraph 412 of the tariff act of October 1, 1890. The important part of the paragraph is as follows:

"Webbings, * * * any of the foregoing which are elastic or non-elastic, * * * made of silk, or of which silk is the component material of chief value, fifty per cent. ad valorem."

Against this classification, the appellees protested, upon the ground that the component material of chief value of the merchandise was India rubber, and that the goods were dutiable under paragraph 460 of the same tariff act, which paragraph, omitting unimportant portions, is as follows:

"Manufactures of India rubber, * * * or of which these substances, or either of them, is the component material of chief value, not specially provided for in this act, thirty per centum ad valorem."

The board of general appraisers found the following facts:

"(1) That the merchandise is elastic webbing, composed of cotton, silk, and India rubber. (2) That all of the goods are manufactured chiefly of cotton.

(3) That in Exhibit A silk is the component material of chief value. (4) That Exhibits B and C have India rubber as the component material of chief value."

As conclusions of law, the board found that Exhibit A was properly classified by virtue of paragraph 412. The importers acquiesced in this decision, and sample A now disappears from the case.

In regard to samples B and C, the board was of opinion that they should have been classified as cotton elastic webbing, and dutiable at 40 per cent. ad valorem, under the provisions of paragraph 354 of the tariff act of October 1, 1890. The important part of this paragraph is as follows:

"Cotton * * * webbing, * * * any of the foregoing which are elastic or non-elastic, forty per cent. ad valorem."

As the appellees had claimed in their protest that the webbing should have been classified under paragraph 460, as manufactures of India rubber, the protest, in the opinion of the board, was not well taken, was therefore overruled, and the action of the collector was unaltered. Upon appeal to the circuit court, the decision of the board was reversed. No additional evidence was offered or was taken for use before that court.

The facts which were found by, or were presented before, the board of general appraisers, were so few in number that a decision in the case must be of very narrow scope. They simply found in regard to samples B and C that they were composed of cotton, silk, and India rubber, that they were manufactured chiefly of cotton; that is, that cotton predominated in quantity, and that India rubber was the component material of chief value. They found nothing in regard either to the commercial designation or the common designation of the article. Whether its name was "silk webbing," or "cotton webbing," or "silk and cotton webbing," and whether it was, as a fact, rather than as a conclusion of law, cotton webbing, did not appear; nor did they find that elastic webbing necessarily included India rubber as a component material. The only other fact which appears in the record, and which is of small importance, is that in sample B the value of the cotton exceeds that of the silk by $1.02 per hundred pounds, and that in sample C the value of the silk exceeds that of the cotton by 38 cents per hundred pounds.

The mere facts that webbing is made of cotton, silk, and India rubber, the cotton materially predominating in quantity, and the India rubber predominating in value, are insufficient, in view of paragraph 460, and of the obvious fact that "cotton elastic webbing" is a commercial term, to justify the conclusion of law that the article is to be classified as cotton webbing. The commercial designation, or, in its absence, the common designation, could have been ascertained by the testimony of persons familiar with the subject, and, when ascertained, would have made the question of proper classification an easy one. Inasmuch as the facts found by the board are not adequate to justify their conclusions of law, the classification of the particular invoices in this case is to be governed by the provisions of paragraph 460.

The decision of the circuit court is affirmed.