### HAGUE et al. v. UNITED STATES.

#### (Circuit Court, S. D. New York. April 28, 1896.)

CUSTOMS DUTIES—CLASSIFICATION—COTTON ELASTIC CORDS.
Cords of cotton and India rubber, the rubber being of chief value, are dutiable at 45 per cent. ad valorem, as "cords * * * made of cotton or other vegetable fibre, and whether composed in part of India rubber or otherwise," under paragraph 263 of the act of 1894, and not as a nonenumerated manufacture of which India rubber is the component material of chief value, under paragraph 352.

Appeal by the importers, A. J. Hague & Co., from a decision of the board of general appraisers which sustained the action of the collector in assessing duty upon the merchandise in question under paragraph 263 of "Schedule I, Cotton Manufactures," of the act of August, 27, 1894 (28 Stat. 529).

That paragraph, so far as it relates to the present controversy is as follows: "Cords * * * made of cotton or other vegetable fiber, and whether composed in part of India rubber or otherwise, forty-five per centum ad valorem." The importers insist that the merchandise should have been assessed as a "miscellaneous manufacture" under paragraph 352, which is, in part, as follows: "Manufactures of bone, chip, grass, horn, India rubber, palm leaf, straw, weeds, or whalebone, or of which these substances, or either of them is the component material of chief value, not specially provided for in this act, twenty-five per centum ad valorem."

The decision of the board is as follows: "We find as facts (1) That the merchandise is dutiable under the act of August, 1894. (2) That it consists of cords made of cotton and in part of India rubber. (3) That it is commer-

cially known as cotton (elastic) cords, and also as cotton and India rubber cords. (4) That it is a manufacture, of which India rubber is the component material of chief value, specially provided for elsewhere than in paragraph 352. We think it would be a strained construction of the statutes to hold that cords made entirely of the two substances denominatively provided for in paragraph 263 were not dutiable thereunder because one of those substances was of more value than the other. For the purposes of this case we hold that that paragraph stands as if reading: 'Cords made of cotton and India rubber;' and we are strengthened in the correctness of this conclusion in law by the fact that as far as the board has been able to discover, India rubber is the component material of chief value in all imported cords made of cotton and India rubber. Upon the facts found in this case, and in accordance with the principles enunciated in a recent decision covering similar goods, we overrule the protest now under consideration, and affirm the collector's decision in assessing duty on the merchandise at 45 per cent. ad valorem, under paragraph 263."

There is no dispute as to the facts. The facts found by the board are not questioned. The only question in controversy is whether paragraph 263 is limited to cotton articles of which cotton is the component material of chief value. If it be so limited the importers are right and the collector is wrong for India rubber is the component material of chief value of the imported cords. If, on the other hand, the paragraph covers cotton cords composed in part of India rubber, irrespective of the value of the India rubber, the collector is clearly right, as the articles in question would then be specially provided for under paragraph 263, and paragraph 352 would have no application.

Albert Comstock, for importers.

J. T. Van Rensselaer, Asst. U. S. Atty.

COXE, District Judge (after stating the facts). Paragraph 263 of the act of 1894 is substituted for paragraph 354 of the act of 1890. After enumerating a number of articles made of cotton, paragraph 354 contained the following words, "Any of the foregoing which are elastic or nonelastic, forty percentum ad valorem." Controversy soon arose regarding articles similar to those now in question, and the court, being of the opinion that cotton webbing could be made elastic without the presence of India rubber, reversed the decision of the board assessing webbing containing India rubber under paragraph 354. At the same time the court intimated that a different result would have been reached if India rubber were necessary to produce elasticity, or, in other words, if the statute, instead of using the word "elastic," had used the words "composed in part of India rubber," the decision of the board would have been sustained. In re Shattuck, 54 Fed. 365; affirmed, 8 C. C. A. 176, 59 Fed. 454. Subsequently the board found as matter of fact that "it is not practicable to make cotton webbing elastic without the presence of India rubber." It must be presumed that when the present act was passed in August, 1894, congress legislated with reference to the misunderstanding which had arisen regarding paragraph 354. In order to make plain what had previously been obscure congress substituted for the words "elastic or nonelastic" the words "whether composed in part of India rubber or otherwise." Taking all this into consideration, as the court is permitted to do when endeavoring to arrive at the correct construction of a statute, is it not plain that congress intended to assess cotton cords under

paragraph 263 without reference to whether they are elastic or nonelastic, or, what is the same thing, whether they are or are not composed in part of rubber? The importations in question are the cotton elastic cords of commerce. If paragraph 263 does not refer to them it is not easy to perceive to what it does refer. There is no proof that there are cotton elastic cords of which cotton is the material of chief value. Indeed, the board say, "that so far as they have been able to discover India rubber is the component material of chief value in all imported cords made of cotton and India rubber."

The construction contended for by the importers entirely ignores the existence of the clause "whether composed in part of India rubber or otherwise." If the paragraph covers cords made wholly or chiefly of cotton and these only, the words quoted have no meaning. They might as well be omitted. With the rubber clause omitted cotton cords made wholly or chiefly of cotton would, of course, be classified properly under paragraph 263. If cotton cords contain rubber and the rubber is of greater value than the cotton they would go to paragraph 352. If they contain rubber of less value than the cotton, assuming that such cords could be made, they would go to paragraph 263. In other words, the paragraph with the rubber clause omitted means precisely what it means with the rubber clause present. Such a construction would seem inadmissible under any circumstances and especially so in a case where the purpose is so manifest as in the present instance. It was clearly the intent that elastic cotton cords should pay duty under this paragraph and not as manufactures of India rubber.

The authorities deciding between two broad provisions of law have little application to the controversy in hand. For instance, in Hartranft v. Sheppard, 125 U. S. 337, 8 Sup. Ct. 920, the question was whether quilts made of cotton and eider down, chief value, should be assessed as "manufactures of cotton" or as "unmanufactured articles not provided for." Had the act of 1883 provided for "quilts made of cotton and whether composed in part of eider down or otherwise," it is probable that a different result would have been reached.

The decision of the board is right and should be affirmed.