CALHOUN et al. v. UNITED STATES.

(Circuit Court, S. D. New York.  April 22, 1901.)

No. 2,887.

1. Customs Duties—Ascertainment of Component Materials—Apportionment of Labor.

In manufacturing certain braids composed of cotton and india rubber, nine-tenths of the labor was employed on the cotton.  *Held*, that under the provision in section 7, tariff act of July 24, 1897, 30 Stat. 205, c. 11 [U. S. Comp. St. 1901, p. 1693], that "the value of each component material shall be determined by the ascertained value of such material in its condition as found in the article," it was proper to add this cost of labor to the original cost of the cotton, in finding the component material of chief value, rather than to apply the value of the labor equally between the cotton and the rubber.

2. Same—Classification—Braids of Cotton and India Rubber.

Braids of cotton and india rubber, cotton the more valuable component, are dutiable under the provision in paragraph 339, tariff act of July 24, 1897, 30 Stat. 181, c. 11 [U. S. Comp. St. 1901, p. 1662], for "braids * * * composed wholly or in chief value of flax, cotton, or other vegetable fiber, and not elsewhere specially provided for, * * * whether composed in part of india-rubber or otherwise."

Appeal by the Importers from a Decision of the Board of United States General Appraisers (G. A. 4,332) which Affirmed the Decision of the Collector of Customs at the Port of New York.

W. Wickham Smith, for the importers.

Charles D. Baker, Asst. U. S. Atty.

TOWNSEND, District Judge.  The merchandise in question comprises braids composed of cotton and india rubber, assessed for duty under the provisions of paragraph 339 of the act of July 24, 1897, 30 Stat. 181, c. 11 [U. S. Comp. St. 1901, p. 1662], as "braids * * * composed wholly or in chief value of flax, cotton, or other vegetable fiber, and not elsewhere specially provided for, * * * whether composed in part of india-rubber or otherwise," at the rate of 60 per cent. ad valorem, and claimed by the importers to be dutiable under the provisions of paragraph 449 of said act, 30 Stat. 193 [U. S. Comp. St. 1901, p. 1678], as manufactures of india rubber or of which india rubber is the component material of chief value, not specially provided for.

Of the cost of the labor involved in making the product, nine-tenths is employed on the cotton braid.  The board of general appraisers added this cost of labor to the original cost of the braid, and in this way reached the conclusion that the cotton was the component material of chief value.  The importers contend that the value of the labor should

be equally apportioned between the india rubber and the cotton braid, in which case the india rubber would be the component material of chief value. Section 7 of the act, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693], provides that "the value of each component material shall be determined by the ascertained value of such material in its condition as found in the article." In these circumstances I think the board correctly apportioned the cost of labor. Counsel for the United States contends that in order to give effect to the words, "whether composed in part of india-rubber or otherwise," Congress must be presumed to have intended herein to include all braids of textile composition which were wholly or in chief value of any vegetable fiber. This contention is supported by the opinion of Judge Coxe in Hague v. United States (C. C.) 73 Fed. 810.

The decision of the board of general appraisers is affirmed.