## FISK *v.* ARTHUR.

1. In 1873, A. imported certain manufactured shirtings, not made up, composed of linen and cotton, the latter being the material of chief value and largely predominating. *Held,* that they were, within the meaning of the tariff acts, manufactures of cotton, and, as such, subject to the duty imposed by the first section of the act of March 3, 1865, c. 80. 13 Stat. 491.

2. The ruling in *Solomon* v. *Arthur* (102 U. S. 208), that goods made of mixed materials were not dutiable under the mixed-material clause of the twenty-second section of the act of March 2, 1861, c. 192 (12 Stat. 192), if they came properly within any other description found in the tariff acts, reaffirmed.

ERROR to the Circuit Court of the United States for the Southern District of New York.

The facts are stated in the opinion of the court.

*Mr. Stephen G. Clarke* for the plaintiff in error.
The *Solicitor-General, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is a suit to recover back duties paid under protest. The goods imported were manufactured shirtings, not made up, composed of linen and cotton ; the cotton being the material of chief value and largely predominating. There were more than two hundred threads to the square inch, counting the warp and filling.

The act of March 2, 1861, c. 68, sect. 22 (12 Stat. 192), provided for a duty of thirty per cent *ad valorem* on "manufactures not otherwise provided for, composed of mixed materials, in part of cotton, silk, wool or worsted, or flax." The same act, sect. 14, provided for specific duties on all manufactures of cotton not bleached, &c., having certain numbers of threads to the square inch, counting the warp and filling and being of certain weights. An addition was made to the duties on manufactures of mixed materials by the act of July 14, 1862, c. 163, sect. 13. Id. 557. By the act of June 27, 1864, c. 171, sect. 6 (13 id. 208), the duties on manufactured cottons, as provided in the act of 1861, were to some extent changed and a general clause added at the end of the section as follows: "All other manufactures of cotton, not otherwise provided for, thirty-five per centum *ad valorem.*" On the 3d of March, 1865, c. 80, sect. 1 (id. 491), the rates of duty on manufactures of cotton dependent on the weight and the number of threads to the square inch were somewhat changed.

By the act of April 30, 1842, c. 270, sect. 20 (5 id. 565), now sect. 2499 of the Revised Statutes, it was provided that there should be levied and collected on each and every non-enumerated article which bears a similitude, either in material, quality, texture, or the use to which it may be applied, to any enumerated article chargeable with duty, the same rate of duty which is levied and charged on the enumerated article it most resem-

bles in any of the above particulars; and if any non-enumerated article equally resembles two or more enumerated articles, on which different rates of duty are chargeable, it shall pay the highest rate, and on all articles manufactured from two or more materials the duty shall be assessed at the highest rate chargeable on any of its component parts.

The collectoi 'i this case demanded and collected the duties at the rates chargeable on manufactures of cotton exceeding two hundred threads to the square inch, while the importer claimed the goods were dutiable under the acts of 1861 and 1862, as composed of mixed materials. The suit was brought to recover back the excess charged by the collector, and on the trial the court instructed the jury on the conceded facts to bring in a verdict for the defendant. This instruction is assigned for error here.

We decided in *Solomon* v. *Arthur* (102 U. S. 208) that the mixed-material clause of the act of 1861 was descriptive rather than denominative, and that because goods were made of mixed materials they were not necessarily stamped with the name of mixed goods. Consequently goods made of mixed materials were not dutiable under that clause if they came properly within any other description found in the tariff acts. The act of 1864 provides for all manufactures of cotton, so that the question here is, whether these goods are essentially of that character. If they are, they are not dutiable under the mixed-material clause.

In *Stuart* v. *Maxwell* (16 How. 150), it was held that the act of 1842 brought goods made of linen and cotton within the provision of the tariff act of 1846, c. 74, sect. 11 (9 Stat. 46), sched. D, which imposed a duty on " manufactures composed wholly of cotton, not otherwise provided for." It was conceded that manufactures of cotton and linen were not enumerated in the act of 1846, but we said that, " By providing for the principal thing, it has provided for all other things which the law declares to be the same. It is only upon this ground that sheer and manifest evasions can be reached. Suppose an article is designedly made to serve the uses and take the place of some article described, but some trifling or colorable change is made in the fabric or some of its incidents. It is new in the market.

No man can say he has ever seen it before, or known it under any commercial name. But it is substantially like a known article which is provided for. The law of 1842 then declares that it is to be deemed the same and to be charged accordingly." The effect of this is to hold that such an article "is provided for under the name of what it resembles." Here, all manufactures of cotton are provided for in the act of 1864 and its amendments, and the article now in question, in material, quality, and texture, as well as the use to which it is to be applied, is precisely like cotton shirtings. As cotton largely predominates, we think the burden was cast on the importer to show that the change was substantial and not for the purpose of evading the requirements of the law. It is not pretended that the new article had acquired any distinctive name in commerce, or that it was in any material respect different from similar goods manufactured entirely of cotton. The only difference between this case and that of *Stuart* v. *Maxwell* is that here it is claimed the articles are enumerated as mixed goods, while there that they were not enumerated at all. There it was held that they were not non-enumerated because they were substantially cotton goods, and here we think for the same reason they are not mixed goods. They are substantially, and, therefore, within the meaning of the tariff acts, actually manufactures of cotton. Linen has been used to a limited extent, not to make goods of "mixed materials," but to make "manufactures of cotton" more useful for some purposes. To hold, upon the facts as they are admitted to be, that these goods were something radically different from cotton shirtings, would be to encourage evasions of the descriptive terms in the tariff laws, "by some trifling or colorable change in the fabric, or some of its incidents." This we are not inclined to do.

*Judgment affirmed.*