### ROBERTSON v. EDELHOFF et al.

(Circuit Court of Appeals, Second Circuit. January 5, 1899.)

No. 9.

1. CUSTOMS DUTIES—CLASSIFICATION—MANUFACTURES OF SILK.

To authorize the classification of an article as a manufacture of silk, under a tariff law providing separately for manufactures of which silk is the component of chief value, such article must be entirely or substantially made of silk; and an article of silk and cotton, of which the cotton constitutes more than 25 per cent. in value, cannot be so classified, in the absence of any commercial designation requiring it.

2. SAME—HAT TRIMMINGS.

Silk and cotton trimmings, silk chief value, and cotton more than 25 per cent. in value, used for making or ornamenting hats, and commercially known as hat bands, hat trimmings, bands, and bindings, were dutiable under Rev. St. 1874, § 2504, schedule M (Heyl, par. 1300), as hat trimmings not otherwise provided for, and not under schedule H (Heyl, par. 1113), as manufactures of which silk is the component of chief value, not otherwise provided for; the former paragraph being the more specific.[1]

3. SAME—SUIT TO RECOVER EXCESSIVE DUTIES PAID—RELEASE.

The voluntary refunding to an importer, whose protest was in the alternative, of the excess of duty collected according to one of his claims, and the discontinuance of a suit brought for the collection of such excess, in the absence of any release or evidence of accord and satisfaction, will not preclude him from maintaining another suit to recover the remaining excess according to his other claim.

In Error to the Circuit Court of the United States for the Southern District of New York.

This was a suit by Charles A. Edelhoff and Emil Rinke against William H. Robertson, collector, to recover an alleged excess of duties paid under protest on certain imported merchandise. There was a judgment for plaintiffs, and the defendant brings error.

This cause comes here upon writ of error to review a judgment of the circuit court, Southern district of New York, entered June 11, 1897, upon a verdict directed by the court. The action was brought to recover alleged excess of duties paid under protest on certain importations of silk and cotton goods in 1882. The various provisions of law which are referred to in the discussion of this and of two other similar causes which were argued at the same time are these: Rev. St. U. S. 1874, § 2504, schedule H: "Dress and piece silks, ribbons, and silk velvets, or velvets, of which silk is the component material of chief value: 60% ad valorem." Heyl, par. 1110. "Silk vestings, pongees, shawls, scarfs, mantillas, pelerines, handkerchiefs, pillows, veils, laces, shirts, drawers, bonnets, hats, caps, turbans, chemisettes, hose, mitts, aprons, stockings, gloves, suspenders, watch chains, webbings, briggs, fringes, galloons, tassels, cords, trimmings and ready-made clothing of silk, or of which silk is the component material of chief value: 60% ad valorem." Heyl, par. 1111. "Manufactures of silk, or of which silk is the component material of chief value, not otherwise provided for: 50% ad valorem." Heyl, par. 1113. Schedule M: "Braids, plaits, flax, laces, trimmings, tissues, willow sheets and squares, used for making or ornamenting hats, bonnets and hoods, composed of straw, chip, grass, palm leaf, willow, or any other vegetable substance, or of hair whalebone or other material, not otherwise provided for: 30% ad valorem." Heyl, par. 1300. Act Feb. 8, 1875 (18 Stat. 307): "On all goods, wares, and merchandise not otherwise herein provided for, made of silk, or of which silk is the component material of chief value, irrespective

---

[1] As to classification of imports for the purpose of assessing customs duties, see note to Dennison Mfg. Co. v. U. S., 18 C. C. A. 545.

of the classification thereof for duty by or under previous laws, or of their commercial designation, 60% ad valorem: provided that this act shall not apply to goods, wares or merchandise which have as a component material thereof 25% or over in value of cotton, flax, wool or worsted." The collector assessed the importations for duty at 60 per cent.

Henry B. Platt, for plaintiff in error.

Lyman Tremain, for defendants in error.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts). It is undisputed upon the proof that the goods in controversy were silk and cotton trimmings, silk chief value, cotton over 25 per cent., used for making and ornamenting hats, and commercially known as hat bands, hat trimmings, bands, and bindings. There are goods for that use that are made entirely of silk, but the mixed goods of silk and cotton are more numerous than the all silk goods. Moreover, it is manifest from a mere reading of the paragraphs above quoted that congress understood that the two descriptive phrases, "silk" and "of which silk is the component material of chief value," are not synonymous, and that it uses those phrases to designate different groups. It is in like manner apparent that the articles enumerated in paragraph 1110, other than the velvets, are such as are qualified by the first of these descriptive phrases, viz. "silk," and that the same is true of the articles enumerated in paragraph 1111, other than the ready-made clothing. It is, indeed, not necessary that an article should be composed entirely of silk to come within the descriptive phrase "silk," but it must, at least, be substantially of silk; it must be found that "the silk so far predominates over the inferior material that it can be said that they [the goods] are made substantially of silk." Swan v. Arthur, 103 U. S. 597. And predominance of the silk merely to the extent of being the component of chief value will not be enough, when that very degree of predominance is covered by the other descriptive phrase above quoted. It is not necessary in the case at bar to enter into any close analysis of the phrase to determine what percentage of foreign admixture will oust the article from the silk class. It is entirely plain that an article which is over 25 per cent. cotton cannot be fairly described as "silk" when there is no question of commercial designation (and there is none here), and when there is a description in the same act which exactly fits it, viz. "manufactures of which silk is the component material of chief value." The cases cited by plaintiff in error are not persuasive to a different conclusion. In Lane v. Russell, 4 Cliff. 122, Fed. Cas. No. 8,053, the articles were silk and cotton velvet ribbons, silk chief value, and held to be within the last two clauses of the paragraph (1110, supra). In Fisk v. Arthur, 103 U. S. 431, linen had been used to limited extent, not to make goods of mixed material, but to make manufactures of cotton more useful for some purposes. The court refers to the admixture as "some trifling or colorable change in the fabric." In Hartranft v. Meyer, 135 U. S. 237, 10 Sup. Ct. 751, the cotton was less than 25 per cent. The articles in question, therefore, would be properly classified for duty under paragraph 1113, unless they are otherwise provided for. Both sides agree that they are

not covered by the act of 1875, by reason of the presence of more than 25 per cent. of cotton. The uncontroverted evidence shows that they are hat materials, and the paragraph covering such materials (paragraph 1300) is more specific than paragraph 1113. They should have been classified for duty at 30 per cent. ad valorem.

It is contended by defendant that plaintiff, whose protest was in the alternative (30 per cent. as hat materials, or not in excess of 50 per cent., under the proviso to act of 1875), cannot recover under both of two separate paragraphs, and that a liquidation already made under one is a bar to further prosecution under the other. The facts on which those objections are based are these: It appears that heretofore a suit was brought by the same plaintiff, through some other attorney, to recover excess of duties paid on the same goods, such suit being founded on some other protest. That suit was long since discontinued, the government about the same time refunding the difference between 60 per cent. and 50 per cent., the duty chargeable under paragraph 1113. In the suit at bar, plaintiffs claim only the difference between 50 per cent. and 30 per cent. It is difficult to understand upon what theory this transaction can bar the plaintiffs of their recovery here. There has been no adjudication, no release. There is not a scintilla of proof to show any accord and satisfaction. The discontinued action, which terminated in no judgment, is as if it were never begun. All that has happened is that the government has once conceded that the articles were not dutiable under any of the 60 per cent. paragraphs, and has voluntarily repaid 10 per cent. improperly exacted, without requiring any release or stipulation not to prosecute for the additional exactions. Had the former suit gone into judgment upon an offer, different questions might have been presented; but, as it is, we know of no principle on which the acceptance of this voluntary payment can operate as a bar or an estoppel. The judgment of the circuit court is affirmed.