## GARTNER, SONS & CO. v. UNITED STATES.

(Circuit Court, S. D. New York.  May 31, 1907.)

### No. 4,457.

CUSTOMS DUTIES—CLASSIFICATION—RIBBONS OF SILK AND COTTON—"OTHERWISE."

Ribbons composed chiefly of silk, but in part of cotton, are not "ribbons * * * of cotton, * * * whether composed in part of india rubber or otherwise," under Tariff Act July 24, 1897, c. 11, § 1, Schedule I, par. 320, 30 Stat. 179 [U. S. Comp. St. 1901, p. 1661]; for the word "otherwise" is there used with the meaning of "not," and not as relating to other materials than india rubber.  Such ribbons are properly assessed as manufactures of silk, under paragraph 391, of Schedule L.

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision in question affirmed the assessment of duty by the collector of customs at the port of New York.

Hatch & Clute (Walter F. Welch, of counsel), for importers.
J. Osgood Nichols, Asst. U. S. Atty.

MARTIN, District Judge. The merchandise in question consists of silk and cotton ribbons; the proportion in value being silk 79.48 per cent., cotton 20.52 per cent. The appraising officer assessed it at 50 per cent. ad valorem under the provisions of paragraph 391 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule L, 30 Stat. 187 [U. S. Comp. St. 1901, p. 1670]), as manufactures of silk, which paragraph provides: "All manufactures of silk, of which silk is the component material of chief value, * * * not specially provided for in this act, * * * fifty per centum ad valorem." It is claimed by the importer that the duty should have been assessed at 45 per cent. ad valorem, under paragraph 320 of said tariff act, which paragraph provides: "Bandings, * * * ribbons, * * * made of cotton or other vegetable fiber, whether composed in part of india rubber or otherwise, * * * forty-five per centum ad valorem."

There is no question but what these fabrics are covered by paragraph 391, but it is claimed by the importer that the words of said paragraph "not specially provided for in this act" apply to this case; that these goods are specially provided for in paragraph 320, as they are ribbons in which there is cotton, and the words "or otherwise" may include silk. If this be tenable, the words "or otherwise" would include anything else if the article was a banding, belting, binding, ribbon, or any other thing named in said section 320 and made in part of cotton.

It will be observed that paragraph 320 forms a part of Schedule I, entitled "Cotton Manufactures." It relates solely to cotton and other vegetable goods. Paragraphs 302 to 325, inclusive, relate to that class of goods, while paragraph 391 forms a part of Schedule L, which is entitled "Silk and Silk Goods." Paragraphs 384 to 392, inclusive, relate to the importation of articles in which there is silk. The words "or otherwise," as used in paragraph 320, relate back to the words "made of cotton or other vegetable fiber." I concur with the Board of General Appraisers that, as therein used, the words "or otherwise" amount to the word "not." It is evident that Congress intended by the use of the words "or otherwise," in paragraph 320, to refer to articles composed of those materials that are covered by Schedule I, but not to include materials covered by Schedule L. The fair meaning is that the enumerated articles shall be dutiable at a certain rate if made of cotton or other vegetable fiber, whether composed in part of india rubber or not. If the words "or otherwise" can include enumerated articles, although made of silk or silk in part, a mistake was made by Congress in placing this provision in the cotton schedule and introducing therein the words "cotton and other vegetable fiber." It is evident that such was not the intention of Congress. The special exception respecting articles composed in part of india rubber is found in several paragraphs, and in some is followed by the words "or otherwise." See paragraphs 371 and 389. There is also a special exception of goods made in part of india rubber in paragraphs 314, 390, and 391, and in each of these exceptions as to goods made in part of india rubber a reference to other material of which said goods are composed, however stated, must be construed in connection with what Congress was dealing with in that schedule.

The decision of the Board of General Appraisers is affirmed.