## HORRAX v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 12, 1909.)

No. 118 (4,787).

1. CUSTOMS DUTIES (§ 37*)—CLASSIFICATION—BRAIDS OF COTTON AND RUBBER —"MANUFACTURES IN CHIEF VALUE OF INDIA RUBBER."

    In Tariff Act July 24, 1897, c. 11, § 1, Schedule J, par. 339, 30 Stat. 181 (U. S. Comp. St. 1901, p. 1662), the provision for braids "wholly or in chief value of * * * cotton, * * * whether composed in part of india rubber or otherwise," applies only to braids in which cotton is the chief or only component. Braids in part of cotton and in chief value of rubber are dutiable under Schedule N, par. 449, 30 Stat. 193 (U. S. Comp. St. 1901, p. 1678), as "manufactures in chief value of india rubber."

    [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 37.*

    For other definitions, see Words and Phrases, vol. 5, p. 4361.]

2. CUSTOMS DUTIES (§ 17*)—STATUTORY CONSTRUCTION—LEGISLATIVE INTENT— INCONSISTENCY IN DUTIES.

    The fact that inconsistency in duties may result is not adequate ground for holding that Congress meant the opposite from what it said.

    [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 17.*]

    Coxe, Circuit Judge, dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the Circuit Court of the United States for the Southern District of New York.

The Circuit Court affirmed a decision by the Board of United States General Appraisers (G. A. 6,496, T. D. 27,778), which had affirmed the assessment of duty by the collector of customs at the port of New York. The opinion below reads as follows:

HAZEL, District Judge. The merchandise in question, consisting of braids made of cotton and india rubber, of which india rubber is the component material of chief value, was assessed for duty by the collector and Board of General Appraisers under paragraph 339 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule J, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1662]). I concur in the reasoning by which the conclusion was reached, notwithstanding that india rubber is concededly the component material of chief value. The argument of counsel for the importer that the board ignored the apparent limitation contained in the paragraph that the article must have been composed wholly or in chief value of cotton or vegetable fiber is fairly met by the opinion of Judge Coxe in Hague et al. v. United States (C. C.) 73 Fed. 810, together with United States v. Churchill (C. C.) 106 Fed. 672, which in effect holds that, where articles are stated to have been "made of" a material, such material must be deemed to be the component part thereof of chief value, and by the evident intention of Congress to increase the duty on elastic braids. Paragraph 339 is not as clear as it might be, and upon reading it would seem to require that the articles must be composed wholly or in chief value of cotton, etc.; but I think that Congress, in transferring such article from paragraph 263 of the tariff act of 1894 (Act Aug. 27, 1894, c. 349, § 1, Schedule I, 28 Stat. 529), and including it with "embroideries and all trimmings" in paragraph 339 of the act of 1897, intended to increase the duty thereon. The earlier act, which was in issue in the case of Hague v. United States, does not specifically contain the words "composed wholly or in chief value of." Nevertheless the court seems to have read that phrase into it and reached the conclusion that the paragraph was not limited in its application, but that the words "in part of india rubber or otherwise" must be interpreted to mean articles composed in part of india rubber, irrespective of its value.

The decision of the Board of General Appraisers is affirmed.

Walden & Webster (Henry J. Webster, of counsel), for appellant. J. Osgood Nichols, Asst. U. S. Atty.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge. The merchandise in question consists of braids composed of cotton and india rubber, the latter being the component material of chief value. The government contends that it is dutiable under these provisions of paragraph 339 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule J, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1662]):

"Braids * * * composed wholly or in chief value of flax, cotton, or other vegetable fiber, and not elsewhere specially provided for in this act, whether composed in part of india rubber or otherwise, sixty per centum ad valorem."

The importer claims that the merchandise should be assessed under paragraph 449 of said act:

"Manufactures of * * * india rubber * * * or of which these substances or either of them is the component material of chief value, * * * thirty per centum ad valorem."

Paragraph 339 by its express language applies only to braids "composed wholly or in chief value" of cotton or of certain other materials. The braids in question are not composed wholly of cotton, and cotton is not the component material of chief value. There is little room for construction. The merchandise simply does not come within the statute. How can it be said that an act expressly limited in its application to braids composed in chief value of cotton applies to braids composed in chief value of india rubber?

But it is urged that, if the statute applies only to braids composed in chief value of cotton, no effect is given to the clause "whether composed in part of india rubber or otherwise." This is not entirely true. The clause is explanatory. Braids composed wholly or in chief value of cotton are the specific articles to which the statute applies. The clause explains that these articles come within the statute, whether they contain some india rubber or not. This explanation is undoubtedly unnecessary. The presence of india rubber—not sufficient to make it the component material of chief value—would not affect the application of the statute without the explanatory clause. But explanatory clauses are often unnecessary. And whether necessary or unnecessary, they can seldom override the direct and positive provisions of a statute.

The government relies in support of its contention upon the decision in Hague v. United States (C. C.) 73 Fed. 810. The provision construed in that case, in Tariff Act Aug. 27, 1894, c. 349, § 1, Schedule I, 28 Stat. 529, reads:

"Cords, braids * * * made of cotton or other vegetable fiber, and whether composed in part of india rubber or otherwise."

It was said that cords in which india rubber was the component material of chief value fell within the provision. But the very words which control this decision—"composed wholly or in chief value"— were not in the statute construed in the Hague Case; and that decision, therefore, cannot be regarded as an authority against the construction which we have placed upon the present statute. And as the phrase adjudicated in the Hague Case is essentially different from that of this provision, the rule that an adjudicated phrase is employed in its adjudicated sense when incorporated in a later statute, is inapplicable. On the contrary, it must be presumed from the language employed that when Congress. in view of the decisions, placed braids in a paragraph applying to articles "composed wholly or in chief value of flax, cotton, or other vegetable fiber," it intended that for the future braids composed of cotton and india rubber should be assessed under the vegetable fiber schedule only when cotton was the component material of chief value. That this conclusion may lead to inconsistencies in duties is not adequate ground for holding that Congress meant the opposite from that which it said.

The merchandise should have been assessed under paragraph 449, and not under paragraph 339, of the tariff act of 1897.

The decision of the Circuit Court is reversed.

COXE, Circuit Judge, dissents.