### VANTINE & Co. *v.* UNITED STATES (No. 964).[1]

SCREENS, VALUE IN CHIEF OF EMBROIDERED SILK.

> The merchandise is screens of embroidered silk panels with wooden frameworks. Silk is concededly the component material of chief value. These screens are not fairly to be considered "screens of wood," but rather as articles in chief value of silk. They are accordingly dutiable as such under paragraph 402, tariff act of 1909.

United States Court of Customs Appeals, January 20, 1913.

APPEAL from Board of United States General Appraisers, G. A. 7371 (T. D. 32582). [Affirmed.]

> *McLaughlin, Russell, Coe & Sprague* (*Edward P. Sharretts* of counsel) for appellants. *William L. Wemple*, Assistant Attorney General (*Martin T. Baldwin*, special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The issue in this case is whether certain screens of varying height, consisting of frameworks of wood with embroidered silk panels, are dutiable as assessed by the collector under paragraph 402 or as claimed by the importers under paragraph 214 of the tariff act of 1909.

The two paragraphs in question read as follows:

402. Laces, edgings, insertings, galloons, flouncings, neck rufflings, ruchings, braids, fringes, trimmings, ornaments, nets or nettings, veils or veilings, and articles made wholly or in part of any of the foregoing, or of chiffons, embroideries and articles embroidered by hand or machinery, or tamboured or appliquéed, clothing ready made, and articles of wearing apparel of every description, including knit goods, made up or manufactured in whole or in part by the tailor, seamstress, or manufacturer; all of the foregoing composed of silk, or of silk and metal, or of which silk is the component material of chief value, whether in part of India rubber or otherwise and braid composed in part of India rubber, not specially provided for in this section, and silk goods ornamented with beads or spangles, sixty per centum ad valorem: *Provided*, That articles composed wholly or in chief value of any of the materials or goods dutiable under this paragraph shall pay not less than the rate of duty imposed upon such materials or goods by this section: * * *.

214. Porch and window blinds, baskets, curtains, shades, or screens of bamboo, wood, straw, or compositions of wood, not specially provided for in this section, thirty-five per centum ad valorem; if stained, dyed, painted, printed, polished, grained, or creosoted, forty per centum ad valorem.

There are several sizes of screens covered by the protests. The exhibit submitted to us, and which is said to be typical in construction of the importations, consists of four sections, each about 5 feet

---

high and 20 inches wide, united by flexible connections so as to permit of folding, of easy moving, and of adjustment. The visible wooden frame of each section is about 1 inch wide and three-fourths of an inch in thickness and extends entirely around it. Into this frame and completely filling the space is inserted one taut panel of silk cloth fastened to a very light inner framework or form, which the panel entirely covers on the front side, while the back side is also covered by an ornamented fabric resembling cheesecloth, backed with paper. This inner framework, so far as we have examined it, also appears to be made of wood.

It is conceded that these panels are embroidered and that silk is the component material of chief value in the completed article.

The Board of General Appraisers sustained the collector's assessment. The gist of the importers' contention here is that the merchandise is screens of wood and therefore specifically provided for in paragraph 214, and, further, that they are not subject to assessment of duties under paragraph 402 because not *ejusdem generis* with the articles named therein.

The general rule appears to be well settled that when a tariff statute provides for duty upon an article of specified material, without declaring to what extent it must be composed of that material, it is at least confined to merchandise of which the specified material is that of chief value or is the predominant one therein. Arthur *v.* Butterfield (125 U. S., 70), *In re* Wise (93 Fed. Rep., 443), Drew *v.* Grinnell (115 U. S., 477), Schiff *v.* United States (99 Fed. Rep., 555), Robertson *v.* Edelhoff (91 Fed. Rep., 642).

These screens are, as stated, composed in chief value of emboidered silk. The framework, which is of wood, is not a screen and can not be used as such. The panels are necessary to make it usable or serviceable as a screen. The embroidery thereon apparently constitutes an important element in the attractiveness and beauty of the screen itself, and the purpose served by the wooden frames is to hold these panels in place and facilitate the use thereof.

We can not believe that in the ordinary understanding of the meaning of the term "screens of wood," as used in paragraph 214, these articles would be so described; the wood is not the component material of chief value, nor is it predominant therein as to the construction or use of the screens.

Neither does there seem to be force in the contention of the importers that these screens are not *ejusdem generis* with the other articles named in paragraph 402. As pointed out in the Government's brief, this paragraph does not in its terms relate wholly to silk wearing apparel, as claimed by the importers. Many of the articles named therein may or may not be articles of wearing apparel, such as laces and articles made therefrom, which have a variety of uses other than as wearing apparel. Neither do the words "braids,

fringes, trimmings, or ornaments" necessarily suggest or imply a limitation of these articles to wearing apparel. Beyond this the proviso of the paragraph, referring to articles composed wholly or in chief value of any of the materials or goods dutiable under the paragraph, suggests that it was designed to apply to articles into the construction or composition of which the specifically mentioned merchandise entered and which might be other than articles of wearing apparel.

In view of what we have said, it seems to be unnecessary to give any extended consideration to other arguments urged by the importers or to specially refer to the cases cited by them, all of which have been carefully examined and considered.

The judgment of the Board of General Appraisers is *affirmed*.