UNITED STATES *v.* VANDEGRIFT & Co. (No. 1024).[1]

CLOTH MADE WHOLLY OR IN PART OF WOOL.

In paragraph 347, tariff act of 1909, the words "waterproof cloth composed of cotton or other vegetable fiber, whether composed in part of india rubber or otherwise," must be taken to mean composed in part of india rubber or not. The goods here, a waterproof cloth composed in chief value of other material than cotton or vegetable fiber, do not fall within the provisions of that paragraph. Being made wholly or in part of wool, they were dutiable as such, not specially provided for under paragraph 378, tariff act of 1909.—Gartner, Sons & Co. *v.* United States (154 Fed., 957).

United States Court of Customs Appeals, May 12, 1913.

APPEAL from Board of United States General Appraisers, Abstract 29721 (T. D. 32823).
[Reversed.]

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel), for the United States.
*Walden & Webster* for appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:
The merchandise the subject of this controversy is described by the collector of customs as consisting of wool in the weft and cotton

---

[1] Reported in T. D. 33438 (24 Treas. Dec., 804).

in the warp and covered on one side by a thin coating of rubber, weighing over four ounces per square yard, and is generally used in the manufacture of waterproof garments for women. It was returned for duty under paragraph 378 of the act of 1909. The importers protested and claimed the merchandise dutiable at 10 cents per square yard and 20 per cent ad valorem under paragraph 347 as waterproof cloth. The protest was sustained by the board, and the Government appeals.

The two contrasting provisions are "waterproof cloth, composed of cotton or other vegetable fiber, whether composed in part of india rubber or otherwise," and "cloths, knit fabrics, and all manufactures of every description made wholly or in part of wool, not specially provided for."

There can be no doubt that this importation falls within paragraph 378 as "cloth * * * made wholly or in part of wool," if it is not specially provided for, and the question for determination is, therefore, whether it comes within paragraph 347 as waterproof cloth.

The case does not call for a decision as to whether the phrase "composed of cotton or other vegetable fiber" restricts the goods intended to those in which cotton or other vegetable fiber is the exclusive basic material or covers all merchandise in which cotton or other vegetable fiber is the component material of chief value, as the assessment is not impeached by any testimony which shows cotton to be of chief value in this importation. Unless the words "or otherwise" can be used to expand the specific terms employed, it would follow that under the rule of *expressio unius est exclusio alterius*, a waterproof cloth composed in chief value of other material than cotton or vegetable fiber would not fall within the provisions of paragraph 347. The words "or otherwise" would seem to relate back to the immediately preceding clause "whether composed in part of india rubber," and the paragraph thus construed may be paraphrased to read "waterproof cloth, composed of cotton or other vegetable fiber, whether composed in part of india rubber or not."

In the case of Gartner, Sons & Co. *v.* United States (154 Fed., 957) the Circuit Court, Southern District of New York, had under consideration a provision in the tariff act of 1897 which read, "bandings, * * * ribbons, * * * made of cotton or other vegetable fiber, whether composed in part of india rubber or otherwise," a phrase entirely analogous to that here under consideration. It was held that the words "or otherwise" in that connection should be construed as the equivalent of the word "not," and that when the language employed was used it meant that bandings, ribbons made of cotton or other vegetable fiber, whether composed of india rubber or not, were assessable at the rate fixed.

After this decision, of which Congress must be deemed to have had knowledge, in paragraph 349 of the act of 1909 provision was made

for bandings, etc., "composed wholly or in chief value of cotton, flax, or other vegetable fiber, or of cotton, flax, or other vegetable fiber and india rubber, or of cotton, flax, or other vegetable fiber, india rubber, and metal." While this paragraph, applying to bandings and belting, was thus modified after the interpretation of the clause by the court in the Gartner case, the provision for waterproof cloth was continued in the same form in which it appeared in the act of 1897, and if the rule of the Gartner case be applied, it controls the present case. We think that rule is a reasonable one and should control.

The decision of the Board of General Appraisers is *reversed*.