## KENYON CO. v. UNITED STATES (No. 963).[1]

WATERPROOF CLOTH IN CHIEF VALUE OF RUBBER.

The samples and the record disclose that rubber is the chief component material of value in these articles, and the board so found. They are excluded from the terms of paragraph 347, tariff act of 1909, and they fall, for dutiable purposes, under paragraph 463 of that act.—United States v. Vandegrift (3 Ct. Cust. Appls., 161; T. D. 32457); United States v. Zinn (2 Ct. Cust. Appls., 419; T. D. 32171).

### United States Court of Customs Appeals, May 31, 1913.

APPEAL from Board of United States General Appraisers, Abstract 28933 (T. D. 32645).

[Reversed.]

*McLaughlin, Russell, Coe & Sprague* (*Edward P. Sharretts* of counsel) for appellant. *William L. Wemple*, Assistant Attorney General (*Thomas J. Doherty*, special attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

The subject of this appeal is waterproof cloth. The decision of the Board of General Appraisers sustaining the collector, after reciting certain facts, reads:

These protests * * * relate to merchandise classified as waterproof cloth and assessed with duty at the rate of 10 cents per square yard and 20 per cent ad valorem under paragraph 347, tariff act of 1909, providing for "waterproof cloth composed of cotton or other vegetable fiber, whether composed in part of india rubber or otherwise." It is claimed that the applicable rate is 35 per cent ad valorem under paragraph 463 as manufactures of india rubber.

From the evidence upon which the cases were submitted, including an analysis of samples made under the direction of the board, we find that the merchandise is composed in chief value of india rubber.

The *eo nomine* provision for waterproof cloth above quoted is more specific than the general provision for manufactures of rubber and controls the classification of these goods. United States v. Zinn (2 Ct. Cust. Appls., 419; T. D. 32171.)

We are of the opinion that the case is not determined by the abstract proposition of the relative specificity of the competing provisions of the tariff law, as held by the board. They are, indeed, the applicable ones, but we are of the view that the decisive question is whether or not this importation upon the facts found falls within the language of paragraph 347.

There is some confusion of authorities upon the exact import of that paragraph and kindred tariff provisions, which, however, seems more apparent than real on a close analysis of the language of the statute, which reads:

347. * * * Waterproof cloth *composed of* cotton or other vegetable fiber, whether composed in part of india rubber or otherwise, * * *.

Analytically the paragraph is composed of three elemental parts:
1. "Waterproof cloth."
There is no question that this importation is such.
2. "Composed of cotton or other vegetable fiber."

---

[1] Reported in T. D. 33529 (24 Treas. Dec., 997).

Judicially construed, the words "composed of," "made of," "manufactured of," "manufactures of," and "in chief value of," standing alone have generally been accorded the same meaning, which is expressed more definitely by the latter expression "in chief value." To come within those terms it is *in all cases* held the goods must be composed *at least* in chief value of the designated material. Schiff *v.* United States (99 Fed., 555); Arthur *v.* Butterfield (125 U. S., 70); *In re* Wise (93 Fed., 443); United States *v.* Churchill (106 Fed., 672); Herrman *v.* Robertson (152 U. S., 521–524).

This principle of decision was expressly approved by this court in Vantine & Co. *v.* United States (3 Ct. Cust. Appls., 488; T. D. 33124), wherein Judge Barber, speaking for the court, said:

The general rule appears to be well settled that when a tariff statute provides for duty upon an article of specified material, without declaring to what extent it must be composed of that material, it is at least confined to merchandise of which the specified material is that of chief value or is the predominant one therein. Arthur *v.* Butterfield (125 U. S., 70); *In re* Wise (93 Fed., 443); Drew *v.* Grinnell (115 U. S., 477); Schiff *v.* United States (99 Fed., 555); Robertson *v.* Edelhoff (91 Fed., 642).

If there is any variation of the doctrine it is in the direction that "manufactures of" and "composed of" require that the article be substantially entirely of that material. Such seems to have been the decision in Fisk *v.* Arthur (103 U. S., 431). And in Schiff *v.* United States, *supra,* it was held that to constitute "braids * * * composed of straw," etc., "it is necessary that the predominant and characteristic component shall be one of those specially enumerated."

"Composed of" and all these kindred expressions relate to, affect, and control the component materials of the article. In order to give them any effect whatever the component material designated must constitute or compose at least the chief value in the article.

Additional light is thrown upon the meaning of this phrase as here used when contrasted with the third element of the statute.

3. "Whether *composed in part of* india rubber or otherwise," reading obviously, in effect, "whether or not composed in part of india-rubber."

It will be noted that the last phrase is separated by a comma from what precedes, while the first two phrases are not so or otherwise separated, indicating the first two a compound antecedent, modified as one expression by what follows. The word "composed" is repeated but modified by the words "in part." Contrasting this with "composed," preceding, without such limitation, would seem to expressly indicate that the previous use was as to the whole or at least a greater composition than "in part."

What is meant by "in part" as used in the tariff laws is indicated by its constant and frequent contrast with the phrases "wholly" and "in chief value of." The corollary induction attaches to the phrase the signification of a minor "part" in the composition of the

articles covered by the paragraph. This modified use assigns to the previous unmodified use of the word "composed" in the paragraph the meaning before ascribed. Both phrases thus construed exclude from the paragraph goods in chief value of rubber.

It is urged, however, that under the rule that the words "composed of" must mean the dominant or component material of chief value, this waterproof cloth would be dutiable under paragraph 463 unless by the words "whether in part of india rubber or otherwise" in paragraph 347 Congress has declared a contrary intent.

This court in United States v. Vandegrift (4 Ct. Cust. Appls., 226; T. D. 33438), recently decided, approving Gartner Sons & Co. v. United States (154 Fed., 957), construed this phrase to mean "whether composed in part of india rubber *or not*." So reading paragraph 347, we find it as here related composed of two statutory declarations, first, the goods *must be* "composed of" cotton, and, second, they may or *may not* be composed in part of india rubber. If, therefore, we hold the latter phrase, which is expressly declared by Congress not to be a mandatory requirement, is held to control the former mandatory one, we hold that an essential requirement to the application of the paragraph is controlled and negatived by an expressly declared nonessential requirement to its application.

It is also urged that the construction put upon the first essential, that it requires that all goods dutiable under this paragraph be at least in chief value of cotton, leaves no application for the latter phrase. Admitting this for the purpose of argument, it is equally true that if we adopt the construction contended for, the converse follows, and we give no affect to the statutory words "composed of cotton." If either of the two expressions must so yield to the other the nonessential should yield to the mandatory requirement to the application of the statute.

Nor should this condition move this court to an otherwise unsupported construction of the law. It has been well said:

It is not for courts of justice, *proprio marte*, to provide for all the defects or mischiefs of imperfect legislation.—Mr. Justice Story in Smith v. Rines (2 Sumy, 338; Fed. Cases. No. 13100.)

And, as was said by the United States Circuit Court of Appeals for the Second Circuit in United States v. Ross (91 Fed., 109):

It is no doubt true that under this construction quart bottles, when filled, would be dutiable and pint bottles free, and it is not apparent why any such distinction should be made between them; but that is no reason why the courts should undertake to remedy the supposed difficulty by judicial legislation.

We do not agree with the contention that the construction here given "composed of cotton" in paragraph 347 necessarily excludes from all application the phrase "whether composed in part of india rubber or otherwise" therein included.

It is an elementary principle of statutory construction that in the ascertainment of the legislative intent of any provision of an act

that the whole act and all parts thereof must be read and construed together. Paragraph 347 is not the only provision of this act applicable in scope to "waterproof cloth composed of cotton or other vegetable fiber." Paragraph 332 thereof provides in part for "all manufactures of cotton, or of which cotton is the component material of chief value, not specially provided for in this section." Paragraph 358 of the act also provides in part as follows:

All manufactures of flax, hemp, ramie, *or other vegetable fiber*, or of which these substances, or any of them, is the component material of chief value, not specially provided for in this section.

We therefore have in this act other provisions of law equally applicable to waterproof cloth composed of cotton and this article, and which specifically relate to and provide for manufactures *in chief value* of cotton.

Of necessity it follows that in the presence of a provision for "manufactures of *and* manufactures in chief value of" a particular substance or merchandise that in order to give both of these provisions effect the words "manufactures of" must be construed to mean manufactures substantially entirely of the substance or material. Congress, therefore, in the enactment of paragraph 347, having previously by paragraph 332 and otherwise by paragraph 358 expressly provided for manufactures in chief value of cotton, must be deemed to have used the words "waterproof cloth composed of cotton or other vegetable fiber," giving to the words "composed of" the sense of composed wholly or substantially entirely of. At least, in view of the fact that the words "composed of" had been construed even when standing alone in the cases hereinbefore cited as meaning composed substantially entirely of, and in the view that in the paragraphs, speaking to the same subject matter, Congress when intending to specify "manufactures *in chief value* of cotton" used for that purpose the express words stated, it becomes apparent that, in order that paragraph 347 might include waterproof cloth composed in *any substantial part of rubber*, it was essential to add thereto the provision "whether composed in part of india rubber or otherwise."

That the words "manufactures of cotton" or "goods composed of cotton," which is the same, when used in a tariff law containing specific provisions for goods or manufactures in chief value of cotton must be held to mean goods composed entirely or substantially of cotton was decided by the United States Circuit Court of Appeals, Second Circuit, in Robertson *v.* Edelhoff (91 Fed., 642). The decision of the court is correctly epitomized in the syllabus as follows:

To authorize the classification of an article as a manufacture of silk under a tariff law providing separately for manufactures of which silk is the component of chief value, such article must be entirely or substantially made of silk; and an article of silk and cotton, of which the cotton constitutes more than 25 per cent in value, can not be so classified in the absence of any commercial designation requiring it.

That decision is anchored on the sound principle of statutory construction that the interpretation of statutes must be such as to give each and every part thereof some application. If this were not the construction then the words "manufactures in chief value of cotton" in the presence of the provision for "manufactures of cotton" would have no application.

The contention that the construction here adopted leaves no application for the phrase "whether composed in part of india rubber or otherwise" was made in a similar case. In Hague v. United States (73 Fed., 810) the provision before the court was paragraph 263 of the tariff act of 1894, providing for "cords * * * made of cotton or other vegetable fiber, and whether composed in part of india rubber or otherwise, * * *." The competing paragraph was 352 of that act, providing for "manufactures of * * * india rubber * * * or of which these substances, or either of them is the component material of chief value, not specially provided for in this act, * * *." The court, Judge Coxe sitting, adopted the argument stated, and held that the articles, which were in chief value of rubber, dutiable under the provision for "cords * * * made of cotton," etc., supra.

In Horrax v. United States (167 Fed., 526) the Circuit Court of Appeals for the Second Circuit rejected as unsound the argument adopted by Judge Coxe in the Hague case. The provision there under consideration was paragraph 339 of the tariff act of 1897 for "braids wholly or in chief value of * * * cotton, * * * whether composed in part of india rubber or otherwise, * * *." The competing paragraph was 449 of the act providing for "manufactures in chief value of india rubber."

The Circuit Court of Appeals, Judge Coxe dissenting, held that braids in chief value of rubber were dutiable under the latter provision. While the court distinguished the Hague case by reason of the provision in paragraph 339 for braids in chief value of cotton not in the Horrax case, and which does not appear in this case, the court, however, rejected the argument of the inapplicability of the phrase as to india rubber. Bearing in mind that paragraph 347, here under consideration, must be read in connection with paragraphs 332 and 358, supra, wherein is contained an applicable provision for waterproof cloth *in chief value* of cotton, the result herein must be the same as the conclusion of the Circuit Court of Appeals in the Horrax case. See also to the same effect the decision of the United States Circuit Court of Appeals, Second Circuit, United States v. Shattuck (59 Fed., 454) and Gartner, Sons & Co. v. United States (154 Fed., 957), a decision by the Circuit Court for the Southern District of New York, cited and approved by this court in United States v. Vandegrift (4 Ct. Cust. Appls., 226; T. D. 33438). The deductions therein made by

Judge Martin from the title of the subdivision of the tariff act are likewise here applicable for this provision as classed as one relating to vegetable fiber.

Without extending this decision, special attention is invited to Fisk *v.* Arthur (103 U. S., 431) and Seeberger *v.* Schlesinger (152 U. S., 581), and the decisions therein cited and reviewed, wherein the principle here invoked is made the ground of decision and is similarly applied and adopted by the Supreme Court.

The conclusion parallels that of this court in United States *v.* Vandegrift (3 Ct. Cust. Appls., 161; T. D. 32457). We there held that "cloth * * * in part of wool" was more specific than "manufactures of rubber." Had the facts of the record there shown the cloth not "in part of wool," it unquestionably follows from the conclusion of the court that the competing paragraph would have been held applicable.

The board here finds on uncontroverted facts that these goods are not wholly or in chief value of cotton or other vegetable fiber, but are in chief value of rubber. We think that find excludes the goods from the terms of paragraph 347, with the result that they are relegated to paragraph 463 for dutiable purposes. Indeed, in any view, the samples and record disclose that rubber is not only the chief component material of value in these articles, but dominates as well their appearance and usefulness within the doctrine of United States *v.* Zinn (2 Ct. Cust. Appls., 419; T. D. 32171).

*Reversed.*