NAIRN LINOLEUM Co. *v.* UNITED STATES (No. 1134).[1]

BELTING OF COTTON AND INDIA RUBBER.

There is no ambiguity in the statute. The merchandise is belting for machinery, and it is made of cotton or other vegetable fiber and india rubber. As such it comes directly within the terms of paragraph 330, tariff act of 1909.—Kenyon *v.* United States (4 Ct. Cust. Appls., 344; T. D. 33529) distinguished.

United States Court of Customs Appeals, October 24, 1913.

APPEAL from Board of United States General Appraisers, Abstract 31345 (T. D. 33217).

[Reversed.]

*Comstock & Washburn (Albert H. Washburn* and *J. Stuart Tompkins* of counsel) for appellant.

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* Assistant Attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, presiding judge, delivered the opinion of the court:

The merchandise consists of machinery belting composed of cotton and india .rubber, india rubber of chief value. It was assessed

---

[1] Reported in T. D. 33837 (25 Treas. Dec., 360).

at 35 per cent ad valorem under the enumeration in paragraph 463 of the tariff act of 1909 for manufactures of rubber not specially provided for. This assessment was protested, the claim being made by the importer that the importation was dutiable at 30 per cent ad valorem under the last clause of paragraph 330 as "belting for machinery made of cotton or other vegetable fiber and india rubber." The board overruled the protest and the importer appeals.

The case turns upon a construction of the relative provision of paragraph 330, which reads as follows:

Belting for machinery made of cotton or other vegetable fiber and india rubber, or of which cotton or other vegetable fiber is the component material of chief value, thirty per centum ad valorem.

This clause provides for belting machinery *eo nomine*, but provides for two classes of such—first, such as is made of cotton or other vegetable fiber and india rubber; second, that of which cotton or other vegetable fiber is the component material of chief value. The latter class may, it is true, include the first. But it is not essential to give force to the language that the first should fall within the second class. There is no ambiguity in the language employed. The two classes are connected by the disjunctive "or," and the importation in question clearly falls within the first class and answers every requirement of it. It is belting for machinery. It is made of cotton or other vegetable fiber and india rubber. It is not possible to say, without doing violence to the language employed, that the predominance of cotton, either in value or quantity, is essential to its being belting for machinery within this plain provision.

The case of Kenyon *v.* United States (4 Ct. Cust. Appls., 344; T. D 33529) is wholly dissimilar. There we were dealing with the term "waterproof cloth," "composed of cotton or other vegetable fiber whether composed in part of india rubber or otherwise." The term "waterproof cloth composed of cotton or other vegetable fiber" was construed to mean waterproof cloth of which cotton or other vegetable fiber was the component material of chief value, and the clause "whether composed in part of india rubber or otherwise" was held to relate to waterproof cloth so composed—that is, in chief value of cotton or other vegetable fiber. In the present case the language is essentially different. The belting provided for is belting composed of cotton or other vegetable fiber and india rubber.

A case decided by the board, G. A. 7100 (T. D. 30932), while dealing with another paragraph of the tariff act, construes language almost identical with that here employed in accordance with the construction above indicated.

The decision of the board will be *reversed*, and reliquidation directed.