## UNITED STATES *v.* WALKER (No. 1317).[1]

WATERPROOF CLOTH RESEMBLING VELVET.

The merchandise is not a velvet cloth, but a waterproof cloth resembling velvet on one side and a rubber-like fabric on the other. Cotton fiber is the component material of chief value. Paragraph 347, tariff act of 1909, applies.

### United States Court of Customs Appeals, April 7, 1914.

APPEAL from Board of United States General Appraisers, Abstract 34149 (T. D. 33934).

[Affirmed.]

*William L. Wemple,* Assistant Attorney General (*Martin T. Baldwin,* special attorney, on the brief), for the United States.

Submitted on record by appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise here is a waterproof cloth, and the question is under which of the two following paragraphs of the tariff act of 1909

---

[1] Reported in T. D. 34381 (26 Treas. Dec., 635).

duty ought to be assessed thereon. The relevant parts of these paragraphs are as follows:

325. * * * Velvets, * * * composed of cotton or other vegetable fiber, except flax, * * *.

347. * * * Waterproof cloth composed of cotton or other vegetable fiber, whether composed in part of india rubber or otherwise, * * *.

Duty was taken by the collector under paragraph 325, against which the importer protested, claiming under paragraph 347. The Board of General Appraisers sustained the protest.. No evidence was introduced by the Government at the hearing before the board, and the importer contented himself by showing that the exhibit introduced in the case represented the importation and that it was waterproof. The fact that it was assessed as stated assumes that the merchandise is composed in part of a velvet made of cotton fiber. There was no direct evidence as to what was the component material of chief value. The Government here urges that the presumption arising from the collector's assessment, which is not met by any evidence, is that the cotton fiber is the component material of chief value, citing United States v. Vandegrift (4 Ct. Cust. Appls., 226; T. D. 33438) and Kenyon v. United States (4 Ct. Cust. Appls., 344; T. D. 33529).

We think the case may be disposed of upon the assumption that cotton is the component material of chief value.

From the importer's evidence and from the exhibit it appears that a substance resembling rubber has been applied to the back side of the fabric, which renders it impervious to water, i. e., waterproof. When it was applied the evidence does not disclose. As an entirety the article represented by the exhibit has on one side the appearance of velvet and on the other a smooth rubberlike appearance and feel. The waterproofing substance whenever applied was evidently in. a liquid or semiliquid condition so that it penetrated the fabric, although it does not show on the reverse side.

In this court the importer submits on the record and the board's opinion, while the Government argues upon its brief. Its contention in substance is that the merchandise is dutiable under paragraph 325 because it is a velvet composed of cotton, and that therefore the provision for such velvets in that paragraph is more specific than the provision for waterproof cloth composed of cotton in paragraph 347.

We are satisfied that if the velvet was finished before the waterproofing substance was applied to the back side thereof, the fabric then was a velvet within the contemplation of paragraph 325. In its imported condition, however, it is a waterproofed velvet, and we do not think it can be said that within the meaning of the paragraph it is a *velvet;* it is something more and quite different. It is not conceivable that any person asking to be shown a cotton velvet would expect or be satisfied with the production of this article in response to the request. It is not that, but it is a waterproof cloth

resembling velvet on one side and a rubberlike fabric on the other. In other words, it has assumed a characteristic entirely foreign to that of velvet cloth.

It may be true, as argued by the Government, that the word "velvet" is a more narrow description than the term "cloth," because velvet is one of many kinds of cloth; it would perhaps also be narrower than the term "waterproof cloth," because that may mean many varieties of cloth made waterproof, but holding, as we do, that this article is no longer velvet, it is a cloth only, and having been so processed that it is waterproof, it is aptly designated as a "waterproof cloth."

In United States *v.* Vandegrift, *supra,* it was held that paragraph 347 should be construed as if it read "waterproof cloth composed of cotton or other vegetable fiber whether composed in part of india rubber or not." The merchandise there was similar to that involved in this case, except that the weft was of wool and the warp was of cotton, and it was held dutiable as a cloth made wholly or in part of wool under paragraph 378 of the tariff act of 1909, there being no testimony that cotton was of chief value.

In Kenyon *v.* United States, *supra,* a waterproof cloth composed of cotton and india rubber was held not dutiable under paragraph 347, *because* the rubber was the component material of chief value. In the case here the cotton fiber is the component material of chief value, while the rubberlike waterproofing substance applied thereto gives the article its distinctive name, renders possible its use as a protection from water or dampness, and is therefore an exact illustration of what is dutiable under paragraph 347.

The judgment of the Board of General Appraisers is *affirmed.*