The judgment of the United States Customs Court is *affirmed.*

UNITED STATES *v.* F. W. WOOLWORTH Co. (No. 3648)[1]

[1] T. D. 47108.

United States Court of Customs and Patent Appeals, May 21, 1934

*Charles D. Lawrence*, Assistant Attorney General (*William H. Futrell* and *Ralph Folks*, special attorneys, of counsel), for the United States.
*Sharretts & Hillis* (*Edward P. Sharretts* of counsel) for appellee.

[Oral argument December 14, 1933, by Mr. Folks and Mr. Sharretts]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court holding certain imported merchandise, described by the appraiser and the court below as paper boxes ornamented with shells, to be dutiable as manufactures of shell at 35 per centum ad valorem under paragraph 1440 of the Tariff Act of 1922, as claimed by the importer, rather than as boxes composed of paper at 5 cents per pound and 20 per centum ad valorem under paragraph 1305 of that act, as claimed by the Government and as assessed by the collector at the port of Philadelphia.

The competing paragraphs, so far as pertinent, read:

PAR. 1305. * * * and all boxes of paper or papier-mâché or wood covered or lined with any of the foregoing papers or lithographed paper, or covered or lined with cotton or other vegetable fiber, 5 cents per pound and 20 per centum ad valorem * * *.

PAR. 1440. Manufactures of * * * shell, * * * or of which these substances or any of them is the component material of chief value, not specially provided for; and shells and pieces of shells engraved, cut, ornamented, or otherwise manufactured, 35 per centum ad valorem.

On the trial in the court below, appellant called but one witness, Laurent Beineix, assistant manager of the foreign department of the F. W. Woolworth Co., appellee. His testimony was limited to the identification of a sample of the imported merchandise, which was introduced in evidence as Exhibit 1, together with the statement that, due to the handling of the exhibit, some of the shells had become loosened, and, therefore, had been placed inside the box. Thereupon, the following colloquy took place between counsel for the parties and the court:

Mr. SHARRETTS. I ask that the sample be submitted for analysis to determine the material of chief value, and the case be put over to December so we can have an opportunity to offer the analysis in evidence.

Mr. STEIN. I have no objection to the submission for analysis, but I reserve the right to object to it when it is offered.

Judge FISCHER. You agree to be bound by it?

Mr. SHARRETTS. Yes.

Mr. STEIN. I don't believe an analysis of that kind can determine——

Judge FISCHER. Whatever it is, Mr. Sharretts will be bound by it. December term.

On December 8, 1930, the cause was continued by the court below to the January term. Thereafter, on January 12, 1931, when the cause again came on for trial, counsel for appellee offered in evidence a report of a Government analyst, for the purpose of establishing that the merchandise, of which Exhibit 1 was representative, was composed in chief value of shell. Counsel for the Government objected to its introduction. The court below overruled the objection, and admitted the report in evidence. To that ruling, counsel for the Government duly excepted.

The "Report of the Analyst" reads as follows:

UNITED STATES CUSTOMS SERVICE, PORT OF NEW YORK

LETTER 7533

Bureau for the analysis of textile fabrics, appraiser's office

Analysis no. 2789.   Sample marked 230789–G.   Presiding Judge Fischer.

| | | | |
|---|---|---|---|
| Paper box | 49175 @30. 45¢/K° | | 14974 |
| Pearl shell #1 | 5430 @20. 2¢/K° | 1097 | |
| Pearl shell #1 painted | 925 @20. 2¢/K° | 187 | |
| Snail shell #5 | 865 @15. 0¢/K° | 130 | |
| Large flat shell #10 | 20520 @17. 2¢/K° | 3529 | |
| Medium flat shell #9 | 11935 @34. 4¢/K° | 4106 | |
| Small flat shell #11 | 1880 @43. 0¢/K° | 808 | |
| Screw shell #14 | 1335 @13. 9¢/K° | 186 | |
| Ox-eye shell | 6680 @86. 0¢/K° | 5745 | |
| Plaster of paris | 23665 @ | | |
| | | | 15788 |
| | 122410 | | 30762 |

*Proportion of value*

| | |
|---|---|
| Box | 48. 68% |
| Shell | 51. 32% |
| Shell chief value. | 100. 00% |

December 22, 1930.

H. A. JARRMANN,
*Analyst in Charge.*

The court below, basing its decision entirely upon the quoted report of the analyst, held that the merchandise was in chief value of shell, and, therefore, dutiable as "manufactures of shell" under paragraph 1440, *supra.*

The Government here contends, both in its assignment of errors and in its brief, that the report of the analyst was not competent evidence of the component material of chief value of the imported merchandise; that the court below erred in admitting the report in evidence over the objection of counsel for the Government and in holding that the statements contained in it were sufficient to establish that the merchandise was in chief value of shell; and that, as there was no other evidence before the court, except a sample of the merchandise, the protest of appellee should have been overruled.

It is contended by counsel for appellee that the court below had the power, under section 518 of the Tariff Act of 1922, to order an analysis of the "imported merchandise and reports thereon by laboratories or bureaus of the United States"; that, at the request of counsel for appellee, the court exercised the power so conferred upon it, and ordered an analysis of the involved merchandise for the purpose of determining its component material of chief value; that the quoted report of the analyst, made in compliance with the order of the court, was competent and sufficient evidence, in view of the provisions of section 518, to establish that shell was the component material of chief value; and that, by virtue of provisions in prior tariff acts, similar to those contained in section 518, both the trial court and this court have accepted reports of Government analysts as evidence of the component material of chief value of imported merchandise. The case of *Kenyon Co.* v. *United States*, 4 Ct. Cust. Appls. 344, T.D. 33529, is cited by counsel for appellee in support of that proposition.

It is conceded, however, by counsel for appellee, that, in the absence of the provisions of section 518, hereinafter set forth, the report of the analyst would not be "competent evidence," and, therefore, not admissible, if objection were made to its introduction, for the purpose of establishing the component material of chief value of the imported merchandise.

Section 518, *supra*, so far as pertinent to the issues here involved, reads as follows:

SEC. 518. * * * A board of three general appraisers or a general appraiser shall have power to order an analysis of imported merchandise and reports thereon by laboratories or bureaus of the United States. * * *

It may be, as argued by counsel for appellee, that it has been the practice of the court below, and of this court, to accept such reports, *where objections were not made to their introduction*, as evidence of the component material of chief value of imported merchandise.

In the case of *Kenyon Co.* v. *United States, supra*, a report of a Government analyst, similar to the one here involved, was *introduced by counsel for the Government without objection by counsel for the importer*. However, there was other evidence of record in that case, consistent with the report of the Government analyst, tending to establish that the merchandise there involved was in chief value of rubber. It was there stated by the Board of General Appraisers (now the United States Customs Court) that its decision was *based upon the evidence in the case, including the report of the analyst*. On appeal, this court stated that its decision was based upon the samples and other evidence of record.

The question presented in the case at bar was not raised in the *Kenyon* case, *supra*.

In the case of *United States* v. *Bernard, Judae & Co.*, 15 Ct. Cust. Appls. 172, T.D. 42231, this court discussed the question of the com-

138

petency and sufficiency of evidence necessary to establish the component material of chief value of imported merchandise, and, after citing several cases, said:

The rule to be derived therefrom is that the value of the materials of which an article is composed shall be ascertained at the time when they are in such condition that nothing remains to be done to them except putting them together.

It will be observed that section 518, *supra*, gives the court below the power to order an "analysis of imported merchandise and reports thereon by laboratories or bureaus of the United States."

The word "analysis" is defined in Webster's New International Dictionary as follows:

Analysis. 1. A resolution of anything, whether an object of the senses or of the intellect, into constituent parts or elements; an examination of component parts, separately, or in their relation to the whole, as the words which compose a sentence, the tones of a tune, or the simple propositions which enter into an argument. * * *
2. *Chem.* a The separation of compound substances, by chemical processes, into their constituents. b The determination, which may or may not involve actual separation, of one or more ingredients of a substance either as to kind or amount; also, the tabulated result of such a determination. Determination of the nature of the ingredients is called qualitative analysis; of their quantity, quantitative analysis. * * *

In view of the decisions on the subject, most of which were decided long prior to the enactment of the Tariff Act of 1922, holding that, in order to determine the component material of chief value of an imported article, the value of the materials "shall be ascertained at the time when they are in such condition that nothing remains to be done to them except putting them together", and in view of the meaning of the term "analysis", we are of opinion that the Congress did not intend, by the provisions of section 518, *supra*, to make the report of a Government analyst, which under the rules of evidence would be incompetent and inadmissible if objection was made to its introduction, competent evidence of the component material of chief value of imported merchandise.

We are of opinion, therefore, that the court below erred in admitting in evidence the report of the analyst, for the purpose of establishing the component material of chief value, over the objection of counsel for the Government.

The only other evidence of record consists of Exhibit 1, a sample of the imported merchandise. At one time it was no doubt a paper box ornamented with shells. However, when it was presented to this court the shells had all been removed. Some were inside the box, and others were in envelops. The exhibit standing alone is not sufficient to establish the component material of chief value. Accordingly, we must hold that the presumption of correctness attending the collector's classification was not overcome, and that, therefore, the judgment below should be *reversed*.