## LEON RHEIMS CO. v. UNITED STATES.

'Circuit Court, S. D. New York. May 15, 1907.)

No. 4,393.

CUSTOMS DUTIES—CLASSIFICATION—TRIMMED FUR HATS.

In applying the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 432, 30 Stat. 191 [U. S. Comp. St. 1901, p. 1675], for "hats * * * trimmed, * * * composed wholly or in chief value of fur," the composition of the hats should be determined by reference to the whole hat, including the trimming, rather than by reference to the body of the hat alone, so that where hats, the bodies of which are fur, are so trimmed that the silk trimming is the chief component of the value of the hats, they are dutiable under Schedule L, paragraph 390.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 6,411 (T. D. 27,541), in which the Board affirmed the assessment of duty by the collector of customs at the port of New York.

The opinion filed by the Board reads as follows:

HOWELL, General Appraiser. The goods in question consist of hats, the bodies of which are composed of fur, and which are trimmed with silk, artificial flowers, etc.; silk being the component material of chief value in the completed articles. They were returned by the appraiser as "silk wearing apparel," and were assessed with duty by the collector at the rate of 60 per cent. ad valorem, under the provisions of Tariff Act July 24, 1897, c. 11, § 1, Schedule L, par. 390, 30 Stat. 187 [U. S. Comp. St. 1901, p. 1670]. The importers claim that the goods are dutiable under Schedule N, par. 432, of said act (30 Stat. 191 [U. S. Comp. St. 1901, p. 1675]), which imposes various rates of duty, dependent upon the value of the articles, upon "hats * * * trimmed or untrimmed * * * composed wholly or in chief value of fur of the rabbit, beaver, or other animals."

It is not disputed in this case that silk is the component material of chief value in the completed articles; but it is contended that the trimming on the hats should be ignored in determining their classification, inasmuch as it has been held that trimmed hats, the bodies whereof are made of straw, are dutiable under the provision for trimmed straw hats in paragraph 409, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673], irrespective of the value of the trimming as compared with the value of the article without the trimming. G. A. 4,525 (T. D. 21,502) and G. A. 5,734 (T. D. 25,440).

The provisions of paragraphs 409 and 432 are, however, entirely dissimilar Paragraph 409 provides one rate of duty for straw hats when not trimmed, and another and higher rate of duty for such hats when trimmed. Paragraph 432 provides for rates of duty according to the value of the articles, upon hats trimmed or untrimmed, composed wholly or in chief value of fur. Man-

ifestly, the only trimmed hats provided for in this paragraph are those composed wholly of fur, or those in which the fur is the component material of chief value in the completed articles. The provision is "hats * * * trimmed, * * * composed wholly or in chief value of fur." Hats, the bodies of which are composed of fur, and which are trimmed with other materials constituting the component material of chief value in the completed articles, as in this case, are in our opinion excluded from the provisions of said paragraph 432, and are properly dutiable according to the component material of chief value in the completed articles.

The protests are, accordingly, overruled, and the decision of the collector in each affirmed.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

D. Frank Lloyd, Asst. U. S. Atty.

PLATT, District Judge. Decision affirmed.