## LEON RHEIMS CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. February 11, 1908.)

No. 129 (4,393).

CUSTOMS DUTIES—CLASSIFICATION—TRIMMED HATS—"WEARING APPAREL IN CHIEF VALUE OF SILK."

In applying the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 432, 30 Stat. 191 (U. S. Comp. St. 1901, p. 1675), for "hats * * * trimmed, * * * composed wholly or in chief value of fur," the composition of the hats should be determined by reference to the whole hat, including the trimming; so that where hats, the bodies of which are fur, are so trimmed that the silk trimming is the component of chief value in the hats, they are dutiable under Schedule L, par. 390, 30 Stat. 187 (U. S. Comp. St. 1901, p. 1670), as "wearing apparel in chief value of silk."

Appeal from the Circuit Court of the United States for the Southern District of New York.

Appeal from a decision of the Circuit Court, affirming a decision of the Board of General Appraisers, G. A. 6,411 (T. D. 27,541), which sustained the action of the collector.

For decision below, see 154 Fed. 969.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

D. Frank Lloyd, Asst. U. S. Atty.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge. The merchandise consists of trimmed hats. The bodies are made of fur and the trimmings of silk. Silk

is the component material of chief value in the completed hat; fur, in the body considered by itself.

The hats were assessed for duty as "wearing apparel of which silk is the component material of chief value," under paragraph 390 of the tariff act (Act July 24, 1897, c. 11, § 1, Schedule L, 30 Stat. 187 [U. S. Comp. St. 1901, p. 1670]). The importer claims that the hats should have been assessed under paragraph 432 of the act:

"Hats * * * trimmed or untrimmed * * * composed wholly or in chief value of fur of the rabbit, beaver, or other animals. * * * "

The importer contends that only the body should be considered in determining that which is the most valuable material in the hat. But as the statute speaks specifically of trimmed hats—a completed article—it is impossible to perceive any ground for the contention. The articles in question are trimmed hats not composed in chief value of fur, and are manifestly outside of paragraph 432.

The claim of the importer that the Board of Appraisers in considering other paragraphs of the act have not always ruled consistently with their decision in the present case is not a matter in which we can be expected to express interest. It certainly has no bearing upon our decision here.

The decision of the Circuit Court is affirmed.