SIMPSON–CRAWFORD CO. v. UNITED STATES.

(Circuit Court, S. D. New York. May 22, 1909.)

No. 5,115.

1. CUSTOMS DUTIES (§ 35*)—CLASSIFICATION—ARTICLES OF SILK AND RUBBER.
    In construing Tariff Act July 24, 1897, c. 11, § 1, Schedule L, par. 390, 30 Stat. 187 (U. S. Comp. St. 1901, p. 1670), relating to articles of silk, or in chief value of silk, with a proviso that "the articles provided for in this paragraph. * * * when composed in part of india rubber, shall be subject to the same duty," held, that the proviso does not cover articles not in chief value of silk.

    [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 35.*]

2. CUSTOMS DUTIES (§ 17*)—SIGNIFICANT COMPONENT.
    Metal, consisting of steel-point ornamentation and of buckles, was the component of chief value in certain belts, and the buckles were an essential part of the construction of the articles. Held, that the metal

could not be considered as immaterial and incidental to the belts, but must be considered in determining the tariff classification of the goods.

·[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 13; Dec. Dig. § 17.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below, reported as G. A. 6,675 (T. D. 28,480), affirmed the assessment of duty by the collector of customs at the port of New York. The nature of the questions in the case appears from the following statement in the Board's opinion of the character of the goods and the tariff provisions that are involved:

HOWELL, General Appraiser. The merchandise in question consists of silk elastic belts, with fancy metal buckles, and more or less elaborately ornamented with steel points or studding. The webbing from which the belts are made is composed of silk, cotton, and india rubber, silk being the component material of chief value; but in the completed belts metal is the component material of chief value, as the value of the steel points or studding and the buckles is greater than the value of any other single component material. The articles were assessed with duty at the rate of 60 per cent. ad valorem under Act July 24, 1897, c. 11, § 1, Schedule L, par. 390, 30 Stat. 187 (U. S. Comp. St. 1901, p. 1670), the pertinent provision of which is as follows: "Articles of wearing apparel of every description, * * * made of silk, or of which silk is the component material of chief value, not specially provided for in this act, * * * sixty per centum ad valorem: Provided, that any wearing apparel or other articles provided for in this paragraph (except gloves), when composed in part of india rubber, shall be subject to a duty of sixty per centum ad valorem." The importers contend that, inasmuch as metal is the component material of chief value in the belts, they are excluded from paragraph 390, and are properly dutiable at 45 per cent. ad valorem under the provision in paragraph 193 for "articles or wares not specially provided for in this act, composed wholly or in part of iron, steel, * * * or other metal."

Comstock & Washburn (J. Stuart Tompkins, of counsel), for importers.

D. Frank Lloyd, Asst. U. S. Atty.

PLATT, District Judge. The Board has found as a fact that the articles in question are completed belts and that metal is the component material of chief value. It is only as a belt that they can be considered as wearing apparel. So that to be wearing apparel at all the buckle is an essential part of the entity. The Board seems to think that the buckles are as immaterial and incidental to the belt as the screws on a door are to the door. But, on the contrary, the belt is not a belt without the buckle. Take away the buckle, and you have only a piece of belting, which is provided for eo nomine in paragraph 389. The reasoning of the Circuit Court of Appeals in Horrax v. United States (C. C. A.) 167 Fed. 526, T. D. 29,505, and Rheims Company v. United States, 160 Fed. 925, 88 C. C. A. 107, T. D. 28,783, seems to be absolutely decisive of the issue in the case at bar.

The decision of the Board of General Appraisers is reversed.