UNITED STATES *v.* LORD & TAYLOR (No. 1090).[1]

HATS OF STRAW TRIMMED WITH SILK.

On some of these hats the silk trimming is worth more, on others less, than the straw body to which it is attached. Paragraph 422, tariff act of 1909, imposes a certain rate of duty on hats composed wholly or in chief value of straw, whether wholly or partly manufactured, but not trimmed, and another and higher rate of duty on the same hat if trimmed. The hats are here the subject of the duty imposed and not the trimming on the hats.

United States Court of Customs Appeals, May 26, 1913.

APPEAL from Board of United States General Appraisers, G. A. 7415 (T. D. 33086).

[Affirmed.]

*William L. Wemple,* Assistant Attorney General (*Martin T. Baldwin,* special attorney, of counsel), for the United States.

*Comstock & Washburn* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Straw hats trimmed with silk imported at the port of New York were classified by the collector of customs as wearing apparel composed in chief value of silk, dutiable at 60 per cent ad valorem under the provisions of paragraph 402 of the tariff act of 1909, which in so far as it is pertinent to the issue, reads as follows:

402. Laces, * * * and articles of wearing apparel of every description, including knit goods, made up or manufactured in whole or in part by the tailor, seamstress, or manufacturer; all of the foregoing composed of silk, or of silk and metal, or of which silk is the component material of chief value, * * * not specially provided. for in this section, * * * sixty per centum ad valorem.

[1] Reported in T. D. 33521 (24 Treas. Dec., 975).

The importer protested the classification and duty assessed on several grounds; but on the hearing before the board the only claim insisted upon was that the goods were hats composed wholly or in chief value of straw, dutiable at 50 per cent ad valorem under the provisions of paragraph 422, which, in part, reads as follows:

422. * * * Hats, * * * composed wholly or in chief value of straw, * * * whether wholly or partly manufactured, but not trimmed, thirty-five per centum ad valorem; if trimmed, fifty per centum ad valorem. * * *. ·

The Board of General Appraisers sustained the protest and the Government appealed.

The hats involved are made of straw and are trimmed with silk. On some of them the silk trimming is worth more and on others less than the straw body to which it is attached. The Government admits that the hats the trimming of which is worth less than the straw bodies are properly dutiable under paragraph 422, and therefore concedes that as to such hats the protest was properly sustained. It contends, however, that the hats the silk trimming of which exceeds in value the straw body are not hats composed in chief value of straw and that consequently they should be excluded from the operation of paragraph 422 and held dutiable under paragraph 402 as wearing apparel composed in chief value of silk. This contention in effect means that trimmed hats should be considered as entireties in determining the component of chief value and that the particular provision of paragraph 422, above cited, must be interpreted as if it read "hats, if trimmed, composed wholly or in chief value of straw." We do not think that any such interpretation can be put upon the provision referred to without doing violence to the ordinary rules of grammatical construction and the intent of Congress as manifested by the language which it has actually used.

The paragraph imposes a certain rate of duty on hats composed wholly or in chief value of straw, whether wholly or partly manufactured, but not trimmed, and another and higher rate of duty on the very same hat if trimmed. As the hat contemplated by the second clause of the provision is the hat described in the first clause it follows that in determining the component of chief value the trimming is just as much to be excluded from consideration under the second clause as it is under the first. The phrase "composed wholly or in chief value of straw" relates to hats—not to hats untrimmed or to hats trimmed, and nothing appearing to justify the assumption that Congress made a grammatical slip which resulted in the saying of that which it did not intend to say, we must conclude that the value of the trimming can not be considered in determining the com-

ponent of chief value.   In this view of the matter we are confirmed
by the construction which was put upon a similar provision in para-
graph 409 of the tariff act of 1897, which was the prototype of the
provision now under consideration and read as follows:

409. * * * Hats, * * * composed of straw, * * * whether wholly or
partly manufactured, but not trimmed, thirty-five per centum ad valorem; if trimmed,
fifty per centum ad valorem. * * *.

In construing this provision the Board of General Appraisers held
in effect that the phrase "composed of straw" modified "hats,"
not "hats * * *" if trimmed," and that the composition of the
articles should be determined without regard to the trimming.   *In re*
Samuel Schiff & Co. (T. D. 21205); *In re* Henry Hummel & Co. (T. D.
25440).

It is true that the present act, instead of providing for "hats com-
posed of straw," does provide for "hats composed wholly or in chief
value of straw," but in our opinion that amendment was not passed
to meet the decisions under paragraph 409, but rather to make it
clear that hats not composed entirely of straw, but of braids of straw
stitched together with thread should receive the same classifica-
tion as hats composed of straw only.   In making this change, how-
ever, Congress took care to preserve the syntax of paragraph 409,
and the very same reasoning which excluded the trimming from
consideration in determining whether a hat was "composed of straw"
under the tariff act of 1897 excludes the trimming in determining
whether a hat is "composed wholly or in chief value of straw" under
the law now in force.

The decisions of the board just cited are not at all in conflict with
the decisions reached in the protest of Leon Rheims Co. (T. D. 27541),
affirmed by the Circuit Court in Leon Rheims Co. *v.* United States
(154 Fed., 969), and by the Circuit Court of Appeals in Leon Rheims
Co. *v.* United States (160 Fed., 925).   Those cases did not deal with
paragraph 409, but with paragraph 432, of the tariff act of 1897,
which provided for "hats, * * * trimmed or untrimmed,
* * * composed wholly or in chief value of fur of the rabbit,
beaver, or other animals."   In that provision the phrase "composed
wholly or in chief value" clearly related to trimmed and untrimmed
hats, and consequently in determining the chief value of a trimmed
hat classified under it the trimming had to be considered in order to
determine the component of chief value.   To hold that the entirety
must *always* be considered in ascertaining chief value would result
in nullifying completely the distinction drawn by the board and the
courts between paragraphs 409 and 432 of the tariff act of 1897, and
carefully preserved by Congress in paragraphs 442 and 446 of the
tariff act of 1909, to say nothing of the effect of such a holding on

other paragraphs which make it manifest that the article, stripped of that which is incidental and not the article as an entirety, shall be taken into account in finding chief value.

The decision of the Board of General Appraisers is *affirmed.*