### SCHMITT v. UNITED STATES (No. 1308).[1]

1. TESTIMONY OF A SINGLE WITNESS.

  The testimony of a single witness unimpeached, whether or not corroborated by other circumstances in the case, may be held sufficient to sustain or reverse a judgment.

2. WHEN SUCH TESTIMONY NOT PERSUASIVE.

  This witness's testimony did not disclose that the importations were of trimmed straw hats alone; and, in fact, the goods were invoiced as trimmed hats. Under the facts as appearing the board's decision will not be disturbed.

### United States Court of Customs Appeals, May 28, 1914.

APPEAL from Board of United States General Appraisers, Abstract 33841 (T. D. 33795).
[Affirmed.]

*Comstock & Washburn* for appellant.

*William L. Wemple*, Assistant Attorney General (*Thomas J. Doherty*, special attorney, of counsel), for the United States.

  Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This appeal concerns importations of trimmed hats. The importations were made during the years 1909, 1910, 1911, and one importation during January, 1912. The articles in question were assessed for duty as silk wearing apparel at the rate of 60 per cent ad valorem

---

[1] Reported in T. D. 34523 (26 Treas. Dec., 922).

under the provisions of paragraph 390 of the tariff act of 1897 and paragraph 402 of the tariff act of 1909. It is claimed by the importer that the merchandise is properly dutiable at 50 per cent ad valorem as trimmed straw hats under paragraph 409 of the tariff act of 1897 and paragraph 422 of the tariff act of 1909, in conformity with the decision of this court in United States *v.* Lord & Taylor (4 Ct. Cust. Appls., 322; T. D. 33521). The Board of General Appraisers over-ruled the protests, using the following statement:

On the hearing of the protests the importer attempted to prove that the goods in question consist of trimmed hats the bodies of which are composed of straw, but his testimony is so vague and indefinite that it falls far short of establishing that fact.

On the record before us we do not feel justified in disturbing the decision of the collector, which is presumptively correct.

It is strenuously insisted by counsel for the appellant in their brief and at the oral argument in this court that, while the finding of the Board of General Appraisers challenges the convincing character of the testimony of the sole witness who testified at the trial, there are such corroborative facts in the record disclosed by an examination of the entries and invoices which, together with the unimpeached testimony of the witness, entitled the appellant to judgment.

It is very true that the testimony of a single witness unimpeached, whether or not corroborated by other circumstances in the case, might be held sufficient to sustain or reverse a judgment. This court in Bradley Martin, jr., *v.* United States (1 Ct. Cust. Appls., 134; T. D. 31185), said:

A witness is presumably truthful, and if upon the uncontradicted external facts, themselves not unreasonable or incompatible with strict honesty of conduct, the only deduction which is consonant with such presumption is in favor of the person arriving, it becomes the duty of the courts to sustain his statement rather than to discredit it.

So, in Stern Bros. *v.* United States (2 Ct. Cust. Appls., 405; T. D. 32167), this court accepted the corroborated and unimpeached testimony of a single witness, which was uncontradicted in the record, as sufficient to warrant a reversal of the decision of the board and its finding of fact in the case.

In order, however, to warrant this court in disturbing the well-settled rule that where there is sufficient testimony in the record supporting the finding of the board, that finding will not be disturbed unless the opposing evidence so accepted should be clear and convincing, though of course not to the degree of removing every reasonable doubt, as is the requirement in criminal procedure. The testimony here, which is relied upon by appellant in support of his contention, does not arise to this degree of certainty and conviction. Indeed, it is consonant with all that appellant has proven below that the necessary finding of the collector may be true as a fact in the case.

To illustrate, we will take an invoice used as a reference in the briefs and at the oral argument. This invoice is 14826, covered by protest 570878. Upon that invoice at page 3 are some of the items in controversy. They are identified by the letter D in this record, and are items invoiced as "trimmed hats." The examiner declared them to be silk wearing apparel, so noted on the invoice, and advised classification for dutiable purposes as such at 60 per cent ad valorem. On the following page, marked "C," are other items invoiced as "straw hats." The examiner likewise noted them as "untrimmed straw hats and manila hemp braid hats," and advised dutiable classification at 35 per cent ad valorem. Other similar items appear upon that invoice.

The whole case of appellant is made upon the testimony of the importer that while he could not say that he had actually seen these goods when imported and had no sample of the goods, that the items invoiced as "trimmed hats" on page 3 were trimmed straw hats, and that the only reason why he was so able to declare was the fact that in the same invoice were the articles invoiced as "straw hats." He reasoned from these two items that the trimmed hats were samples or models of trimmed straw hats, because the straw bodies invoiced with them were imported to be subsequently trimmed after the fashion of these models, and that therefore the trimmed hats must have been trimmed straw hats. While this testimony is argumentative purely, it might be held convincing were it not for the fact that upon cross-examination the witness testified that this was, in instances at least, a mere surmise; that in different seasons he imported other untrimmed hats than with straw bodies, and that during some seasons they imported trimmed hats with other than straw bodies, such as horsehair hats whenever they were in style.

The foregoing, which we deem a fair recital of the facts of the record, does not exclude the facts consistent with the finding of the collector. The witness did not testify that at that time they were not importing other trimmed hats than trimmed straw hats, nor did he testify that trimmed straw hats were the only trimmed hats that they were importing from the particular exporter or during the particular season or even at this particular shipment. Moreover, it would appear from the record and the statement of counsel at the argument in this court that all these goods invoiced as trimmed hats were entered for dutiable purposes by the importer as silk wearing apparel at 60 per cent ad valorem as assessed by the collector. While this fact did not preclude protest and the establishment of the contrary, we think under the circumstances of this record the court is not warranted in disturbing the decision of the board.

*Affirmed.*