AITKEN, SON & Co. *v.* UNITED STATES (No. 1537).[1]

STRAW HAT AND ITS TRIMMINGS AN ENTITY.

Paragraph 335, act of 1913, in so far as it relates to straw hats, clearly appears to have been framed to make of the trimmed hat an entity for determining whether it, when trimmed, is still composed in chief value of the materials therein named. The goods were dutiable as assessed under that paragraph.

United States Court of Customs Appeals, May 18, 1915.

APPEAL from Board of United States General Appraisers, Abstract 37197.

[ Affirmed.]

*John Giblon Duffy* for appellants.

*Bert Hanson,* Assistant Attorney General (*Martin T. Baldwin,* special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The merchandise involved in this case consists of trimmed straw hats. The trimming is composed of silk, artificial flowers, and ornamental feathers. The board found the two latter elements to predominate, and held that the trimmings must control the classification of the hats, and they were denied entry under paragraph 335, act of 1913, which is the paragraph relied upon by appellants, and were held dutiable under paragraph 347 as articles composed wholly or in chief value of feathers, flowers, etc., at 60 per cent ad valorem.

---

[1] Reported in T. D. 35468 (28 Treas. Dec., 928).

The question presented in the case on appeal is whether these goods are dutiable under paragraph 335. The portion of the paragraph in question pertinent to this issue reads as follows:

* * * Hats, bonnets, and hoods composed wholly or in chief value of straw, chip, grass, palm leaf, willow, osier, rattan, cuba bark, or manila hemp, whether wholly or partly manufactured, but not blocked or trimmed, 25 per centum ad valorem; if blocked or trimmed, and in chief value of such materials, 40 per centum ad valorem.

This paragraph is a revision of paragraph 422 of the tariff act of 1909, which read:

Hats, bonnets, and hoods composed wholly or in chief value of straw, * * * whether wholly or partly manufactured, but not trimmed, thirty-five per centum ad valorem; if trimmed, fifty per centum ad valorem.

The question was presented whether the hat, including the trimming, was to be considered under this paragraph (of 1909) in determining whether it was an article composed in chief value of the materials named in the paragraph. It was held that under the peculiar phraseology of that paragraph, such was not the intention. The contention was stated in the case of United States *v.* Lord & Taylor (4 Ct. Cust. Appls., 322; T. D. 33521) as follows:

It [the Government] contends, however, that the hats the silk trimming of which exceeds in value the straw body are not hats composed in chief value of straw and that consequently they should be excluded from the operation of paragraph 422 and held dutiable under paragraph 402 as wearing apparel composed in chief value of silk. This contention in effect means that trimmed hats should be considered as entireties in determining the component of chief value and that the particular provision of paragraph 422, above cited, must be interpreted as if it read "hats, if trimmed, composed wholly or in chief value of straw." We do not think that any such interpretation can be put upon the provision referred to without doing violence to the ordinary rules of grammatical construction and the intent of Congress as manifested by the language which it has actually used.

Presumably Congress had before it this decision, as well as that of the board in the same case, G. A. 7415 (T. D. 33086), when paragraph 335 was written. If so, it could not very well have employed language which would better meet the argument of this court in refusing the contention of Government in the case cited than that which it employed. The present paragraph first provides for hats, bonnets, etc., "composed wholly or in chief value of straw," etc., "whether wholly or partly manufactured, but not blocked or trimmed, 25 per centum ad valorem." This is followed by the terms "if blocked or trimmed, and in chief value of such materials, 40 per centum ad valorem," "such materials" of course referring back to the materials referred to in the preceding portion of the paragraph. It seems very clear that the purpose of this was to make the trimmed hat an entity in determining whether it, when trimmed, is still composed in chief value of the materials named in paragraph 335. Such

was the view taken by the board in an opinion reviewing the decision in the Lord & Taylor case, and very clearly stating the issues and the results of this legislation. We might well have rested our decision upon the opinion of the board, which we affirm.

*Affirmed.*