STERN *v.* UNITED STATES (No. 2430).[1]

CONSTRUCTION, PARAGRAPH 1406, TARIFF ACT OF 1922—STRAW HATS, TRIMMED AND UNTRIMMED.

The provision of paragraph 1406, tariff act of 1922, for hats in chief value of straw, if trimmed, refers the chief value to the hat, and not to the hat trimmed, so that the provision applies irrespective of the relative value of the hats and the trimmings.—United States *v.* Lord & Taylor (4 Ct. Cust. Appls. 322; T. D. 33521). Straw hats trimmed with artificial flowers and fancy feathers and straw hats trimmed with silk ribbon, the trimming in each case being more valuable than the hat, should, therefore, have been classified under this paragraph. It was error to assess the first class as articles not specially provided for composed in chief value of feathers and artificial flowers, under paragraph 1419, and the second as wearing apparel in chief value of silk and not specially provided for, under paragraph 1210.

[1] T. D. 40701.

United States Court of Customs Appeals, February 17, 1925

APPEAL from Board of United States General Appraisers, Abstract 47380

[Reversed.]

*Comstock & Washburn* (*Geo. J. Puckhafer* of counsel) for appellant.
*William W. Hoppin*, Assistant Attorney General, for the United States.

[Oral argument Jan. 14, 1925, by Mr. Puckhafer]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

The merchandise involved in this appeal consists of hats composed of straw. Some were trimmed with artificial flowers and fancy feathers, and the others were trimmed with silk ribbon. In each instance the material with which the hats were trimmed was the component of chief value.

The hats trimmed with artificial flowers and fancy feathers were assessed for duty by the collector at 60 per cent ad valorem under paragraph 1419 of the tariff act of 1922; and those trimmed with silk ribbon were assessed at the same rate of duty under paragraph 1210 of the act of 1922.

The pertinent part of paragraph 1419 reads as follows:

PAR. 1419. * * * and all articles not specially provided for, composed wholly or in chief value of any of the feathers, flowers, leaves, or other material herein mentioned, 60 per centum ad valorem: * * *

Paragraph 1210 reads as follows:

PAR. 1210. Clothing, and articles of wearing apparel of every description, not knit or crocheted, manufactured wholly or in part, composed wholly or in chief value of silk, and not specially provided for, 60 per centum ad valorem.

The appellant claims that the merchandise is dutiable under paragraph 1406 of the act of 1922, the pertinent part of which reads as follows:

PAR. 1406. Braids, plaits, laces, and willow sheets or squares, composed wholly or in chief value of straw, chip, grass, palm leaf, willow, osier, rattan, real horsehair, cuba bark, or manila hemp, suitable for making or ornamenting hats, bonnets, or hoods, not bleached, dyed, colored, or stained, 15 per centum ad valorem; bleached, dyed, colored, or stained, 20 per centum ad valorem; hats, bonnets, and hoods composed wholly or in chief value of any of the foregoing materials, whether wholly or partly manufactured, but not blocked or trimmed, 35 per centum ad valorem; blocked or trimmed, 50 per centum ad valorem. * * *

The Board of General Appraisers overruled the protest.

It is contended by the appellant that the issues involved in this case were decided by this court in the case of United States v. Lord & Taylor (4 Ct. Cust. Appls. 322; T. D. 33521). In that case this court

had under consideration paragraph 422 of the tariff act of 1909, the pertinent part of which reads as follows:

PAR. 422. * * * Hats, * * * composed wholly or in chief value of straw, * * * whether wholly or partly manufactured, but not trimmed, thirty-five per centum ad valorem; if trimmed, fifty per centum ad valorem.

The merchandise involved in that case consisted of straw hats trimmed with silk. As to some of the hats the silk trimming was the component material of chief value.

This court held in substance in that case that the value of the trimming could not be considered in determining the component material of chief value of the hat because the paragraph provided for hats composed wholly or in chief value of straw at one rate of duty, if not trimmed, and a higher rate of duty if trimmed; and that the phrase "composed wholly or in chief value of straw," as it appeared in that paragraph, related to hats, "not to hats untrimmed or to hats trimmed."

We are of the opinion that the holding in that case is conclusive of the issues in the case now under consideration, and that the merchandise is dutiable at 50 per cent ad valorem under paragraph 1406, supra.

It is fair to counsel for the Government to say that no brief was filed by the Government in this case and that counsel practically conceded that the appellant was entitled to the relief for which he contends.

The judgment of the Board of General Appraisers is *reversed*.