UNITED STATES *v.* HAMBURGERS (No. 3306)[1]

---

[1] T. D. 44068.

United States Court of Customs and Patent Appeals, May 19, 1930

*Charles D. Lawrence*, Assistant Attorney General (*Reuben Wilson*, special attorney, of counsel), for the United States.
*Richard Neville* for appellee.

[Oral argument April 15, 1930, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal by the United States from the judgment of the Customs Court holding certain hats, embroidered and trimmed, to be dutiable at the rate of 50 per centum ad valorem under paragraph 1406, Tariff Act of 1922, and overruling the classification and assessment of the collector at 75 per centum ad valorem under paragraph 1430 of said act.

Appellee in its brief states the issue as follows:

The merchandise herein consists of straw hats, some of them were trimmed and returned at 90 per centum under paragraph 1430, and some were embroidered and trimmed, and returned at 75 per centum under paragraph 1430. Counsel for the Government concedes the correctness of the classification of the first named at 50 per centum under paragraph 1406, as no appeal was taken as to these, but claims the embroidered hats should be classified at 75 per centum under paragraph 1430. The appellee claims them to be dutiable at 50 per centum under paragraph 1406.

The competing paragraphs involved, in so far as they are pertinent to the issue herein, are:

PAR. 1430. * * * embroideries not specially provided for, and all fabrics and articles embroidered in any manner by hand or machinery, whether with a plain or fancy initial, monogram, or otherwise, or tamboured, appliquéd, scalloped, or ornamented with beads, bugles, or spangles, or from which threads have been omitted, drawn, punched, or cut, and with threads introduced after weaving to finish or ornament the openwork, not including straight hemstitching; all the foregoing, finished or unfinished, by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, when composed wholly or in chief value of yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or products of cellulose provided for in paragraph 1213, 75 per centum ad valorem.

PAR. 1406. Braids, plaits, laces, and willow sheets or squares, composed wholly or in chief value of straw, chip, grass, palm leaf, willow, osier, rattan, real horsehair, cuba bark, or manila hemp, suitable for making or ornamenting hats, bonnets, or hoods, not bleached, dyed, colored, or stained, * * *; bleached, dyed, colored, or stained, * * *; hats, bonnets, and hoods composed wholly or in chief value of any of the foregoing materials, whether wholly or partly manufactured, but not blocked or trimmed, * * *; blocked or trimmed, 50 per centum ad valorem; * * *.

The sole question before us for determination is whether the hats in question are dutiable under paragraph 1430 as embroidered articles. If not so dutiable, the Government concedes that the judgment of the court below is correct.

The Government's position is that as it is conceded that the hats in question are trimmed hats embroidered, and there being no provision in paragraph 1406 for embroidered hats or other embroidered articles, the hats in question clearly fall for purposes of classification under the latter part of said paragraph 1430 as "articles embroidered * * * by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act * * *."

Appellee, however, contends that the hats in issue are trimmed hats specially provided for in paragraph 1406, and that said paragraph is exempted from the operation of paragraph 1430 by the express language of said last-named paragraph. In this appellee is in error. The exception referred to applies only to the first part of paragraph 1430, and the last part of the paragraph, under which the merchandise was classified by the collector, contains no exceptions whatever.

Appellee next contends that inasmuch as the hats in question are trimmed, their classification is governed by the case of *Stern* v. *United States*, 12 Ct. Cust. Appls. 514, T. D. 40701. It is conceded that the hats here in issue are trimmed, but appellee admits, and the evidence shows, that they are also embroidered.

Appellee's witness, Mullin, testified as follows:

Q. The next two items are returned as embroidered at 75 per centum under 1430?—A. Yes, sir.

Q. Do you know whether the embroidery was on the ornaments or on the hat?—A. The embroidery was on the trimming of the hat, and the hat was trimmed with some sort of silk fabric and embroidered, and the trimming was of more value than the body of the hat.

Paragraph 1430 was not involved in the case of *Stern* v. *United States, supra,* upon which the lower court relied as supporting its decision herein, but it was held in that case that trimmed straw hats should be classified under said paragraph 1406. We are entirely in accord with the decision in said case, but it does not apply to the case at bar. Paragraph 1406 provides for hats not trimmed and for hats trimmed. But the question before us is not the classification of trimmed hats; the question is as to the classification of trimmed hats embroidered. Paragraph 1406 makes no mention of embroidered hats. If it had done so, and had provided one rate of duty for hats embroidered and another rate for hats not embroidered, then a different question would be before us. Embroidered hats not being specified in paragraph 1406, they are clearly dutiable under the latter part of paragraph 1430 as "articles embroidered * * * by what-

·ever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act."

The judgment of the Customs Court is *modified,* being *reversed* as to the trimmed hats embroidered, and in all other respects *affirmed.* The case is *remanded* for further proceedings in conformity with this ·opinion.